## STROUD *v.* STATE.

[95 South.  738.  No. 22993.]

1. HOMICIDE.  *Evidence of conditional threat to kill held insufficient to support conviction.*

   Evidence that defendant threatened to kill the prosecuting witness, unless he signed certain papers, was insufficient to establish the intent to kill and murder, essential to a conviction for assault with such intent.

2. HOMICIDE.  *Intent to kill conditioned on happening of event insufficient, though condition unlawful.*

An intent to kill, conditioned upon the happening of some other event which may, within reason, fail to take place, is insufficient to support a conviction for assault with intent to kill, though the condition was one which defendant had no right to demand.

3. ASSAULT AND BATTERY. *Evidence of threat to kill, unless certain papers signed, would support charge of assault.*

Evidence that defendant ·pointed a pistol at the prosecuting witness and threatened to kill him, unless he signed certain papers, was sufficient to sustain charge of assault.

APPEAL from circuit court of Prentiss county..

HON. C. P. LONG, Judge.

M. L. Stroud was convicted of assault with intent to kill and murder, and he appeals. Reversed and remanded.

*Ely B. Mitchel,* for appellant.

The learned counsel for the appellee, fails to cite this court to a single authority which holds that the appellant is guilty of an assault with intent to kill and murder. I take for granted, that if there has been such an authority, he would have presented the same to this court. If Stroud did everything that Sanders testified he did, has he committed any crime greater than simple assault? Under this evidence the defendant might have been guilty of pointing a gun under section 773, Hemingway's Code, or he might have been guilty of making a simple assault, but not an assault with intent to kill and murder.

"The intent is the gist of the offense and it is that which raises it from a misdemeanor to a felony." *Hairston* v. *State,* 54 Miss. 689. "The intent must be actional and not conditional." *Hairston* v. *State,* 54 Miss. 689; *Wharton's* Criminal Law, sec. 801, page 1027, and cases cited thereunder; 5 C. J., sec. 187, page 719. I have cited authority here which holds that under the record in this case M. L. Stroud is not guilty of anything. The authorities above cited hold out this contention.

I will now give the court some authorities which hold that he is guilty of nothing more than a simple assault. "It is an assault for one to raise an axe and threaten to

split another down, if he does not do a certain act."
*State* v. *Morgan,* 38 Am. Dec. 714. "When one person
points a rifle or other fire arms at another and threatens
to blow his head off if he does not turn around, this, in
law, constitutes an assault." *State* v. *Herron,* 33 Am. St.
Rep. 576; *People* v. *Lee Kong,* 29 Am. St. Rep. 165; *People* v. *Moran,* 20 Am. St. Rep. 744.

"The defendant unlawfully untied and was driving
away the prosecutor's cow, and facing the prosecutor with
a cocked gun in his hand and his finger on the trigger, but
not pointing it at the prosecutor, he declared he would
kill anyone who interfered and laid hands on the cow.
*Held* an assault." *State* v. *Horn,* 53 Am. Rep. 442; *Bloomer* v. *State,* 3 Smedes, 66 (Tenn.).

I respectfully submit that because of the error committed by the court in not continuing this case to allow
appellant to bring material witnesses into the court; because the juror was dismissed from the jury in the absence
of the appellant and because of the court refusing to grant
the charges asked by the appellant' this case should be
reversed and remanded.

*Clayton D. Potter,* attorney general, by *J. H. Sumrall,*
assistant attorney-general, for the state.

It is a well-settled rule in this state, sustained by decisions too numerous to need citing here, that the intention is presumed by the use of a deadly weapon in cases
of this kind. The jury was not forced to rely on this fact
alone in this case, as this necessary element of guilt was
amply supplied in many ways, and the jury being the sole
judges of facts, and not being misled by erroneous instructions, I respectfully submit that their findings on this
point cannot be disturbed.

Counsel for appellant cites authorities to intimate that
appellant might have been guilty of robbery under the
facts in this case. But since the things obtained by his
felonious assault was not of value under the circumstances,
and only intended at the time to appease the wrath of the

assailant, no element of robbery enters into this case, and I shall therefore not discuss this feature.

Counsel for appellant cites authorities holding that a conditional threat is not an assault under certain conditions. But none of the authorities cited hold to that view under facts parallel with this case. *Hairston* v. *State,* 54 Miss. 689, cited by counsel for appellant in support of his argument, holds that the threat in that case, being to repeal a trespass, and conditioned only upon the assaulted party desisting from such trespass, has no application to the facts in this case, and the full text of the section in 5 C. J., section 178, cited by counsel for appellant, draws a nice distinction between conditional offers of violence and the facts in this case. But none of the authorities cited by the learned counsel for appellant can be so liberally construed as to have any application to the case at bar.

And I therefore respectfully submit that since the state asked only one instruction, which correctly states the law, and defendant was given the advantage of numerous instructions, amply protecting his interests, and the record discloses the fact that every right of appellant was jealously guarded by the lower court in the trial of the case, that no error was committed by the lower court in the trial of this cause therein, and that the cause should be affirmed.

HOLDEN, J., delivered the opinion of the court.

The appellant, Stroud, appeals from a conviction for assault with intent to kill and murder. The principal complaint is that the testimony in the case does not sustain the indictment, in that it does not show the intent to kill and murder.

The proof offered by the state at the trial was that appellant, Stroud, called upon J. B. Sanders at the latter's residence, and immediately produced some papers which he demanded that Sanders sign. Upon the refusal of San-

ders to sign the papers, appellant drew his pistol, cocked it, and pointed it at Sanders, saying, with an oath, that he would kill Sanders unless he signed the papers. Whereupon Sanders believing the appellant would kill him, as he had threatened to do unless he signed the papers, signed them as demanded, and appellant left. Upon this testimony the jury found appellant guilty of an assault with intent to kill and murder; and he was sentenced to ten years in the penitentiary.

The question presented for our determination is whether the proof of the conditional threat to kill Sanders, if he did not sign the papers, is sufficient to establish the essential element of "intent to kill and murder."

We do not think the evidence was sufficient to warrant the conviction. The intent in such a case is the main ingredient of the offense; and where the facts show that the intent to kill was conditioned upon the happening of some other event, which may, within reason, fail to take place, the real intent to kill and murder does not come into existence. The actual intent must exist. The fact that appellant would have intended to kill if the event, to-wit, the failure of Sanders to sign the papers, had happened, does not show that appellant had the present intent to kill the party he had conditionally threatened. *Hairston* v. *State,* 54 Miss. 689, 28 Am. Rep. 392; Wharton, Crim. Law, vol. 2, section 801, p. 1027; 5 C. J. section 178, p. 719.

We think the evidence was sufficient to sustain the charge of assault; and possibly the facts would justify an indictment for another statutory offense. However, the proof does not sustain the charge of assault with intent to kill and murder.

We have carefully considered the argument of the assistant attorney general for the state, and note the distinction attempted to be drawn between the *Hairston case, supra,* and the case before us. But we are unable to differentiate the principle in that case from the one at bar. It is true that in the Hairston case the assaulter threatened

to kill the other party because of the latter's unlawful interference with his team, and in the present case the assaulter was attempting to compel the assaulted party to do a thing which he had no right to demand. Neverthethe rule is well settled that it is the conditional threat, whether such condition is right or wrong, that relieves the assaulter of the intent to kill and murder.

The reasoning upon which the rule is based seems to be that in such a case there can be no actual or present intent to kill, and may never be, since the intent is conditional upon some other event which may not happen.

The judgment of the lower court is reversed, and the case remanded.

*Reversed and remanded.*