CRADDOCK *v.* STATE.

In Banc. Dec. 13, 1948.

(37 So. (2d) 778)

**J. M. Alford**, for appellant.

**R. O. Arrington,** Assistant Attorney General, for appellee.

**Griffith, C. J.**

In view of the verdict we will accept the testimony introduced by the State as constituting a true account of what happened, but at the same time, in view of the fact that the burden of proof is on the State, we must must interpret that testimony in favor of the defendant when it is manifestly capable of two reasonable interpretations, and so construing it, the proof is that the defendant pointed his pistol at the deputy who was attempting to arrest him and that the defendant at the same time said to the deputy that he, the defendant, would shoot the deputy if he moved. The deputy did not move and the defendant did not shoot, as he easily could have done.

■■ This brings the case within Stroud v. State, 131 Miss. 875, 95 So. 738, wherein it was said: ''The intent in such a case is the main ingredient of the offense; and where the facts show that the intent to kill was conditioned upon the happening of some other event, which may, within reason, fail to take place, the real intent to kill and murder does not come into existence.'' See also Toler v. State, 143 Miss. 96, 108 So. 443. Therefore the testimony does not support the verdict and judgment of a felonious intent to kill and murder, and the judgment must be reversed, and the defendant acquitted so far as the charge last stated is concerned.

■■ We are not authorized, however, to discharge the defendant, for as said in the Stroud case, supra, the testimony is sufficient to sustain the charge of assault, wherefore the case will be remanded.

When the case comes up on the remand with the charge of intent to kill and murder eliminated, it will be observed that the indictment as it will then stand charges three different offenses. It charges an assault; it charges the pointing or aiming a pistol at or toward another, and it charges the resisting of arrest. We express no opinion as to what the Court should do with or under the indictment as it shall then stand, our sole purpose in adding this paragraph being to make it known that we intimate no opinion as to what the Court shall now do with or under the indictment, that matter not being directly before us on this appeal, and not having been argued by the parties to the record.

Reversed and remanded.