STATE OF NORTH CAROLINA v. JOHNNY COOPER AND BOBBY LOVELACE

No. 7029SC43

(Filed 6 May 1970)

**Assault and Battery §§ 5, 15— felonious assault — instructions — intent to kill — intent to inflict bodily harm**

　　In this prosecution for assault with a deadly weapon with intent to kill inflicting serious injury not resulting in death, an instruction which would permit the jury to find an intent to kill if defendants intended either to kill or to inflict great bodily harm constitutes prejudicial error, since a jury finding that defendants intended only to inflict great bodily harm would be insufficient to sustain a conviction for felonious assault.

ON *certiorari* from *McLean, J.,* 19 May 1969 Session of RUTHERFORD Superior Court.

Defendants were convicted of felonious assault. They were tried upon a bill of indictment which charged that they ". . . did, unlawfully, wilfully and feloniously assault Rex Lee with a certain deadly weapon, to wit: a knife with the felonious intent to kill and murder the said Rex Lee inflicting serious injuries, not resulting in death . . . ." From judgment imposing active prison sentences of ten years, both defendants appeal.

*Attorney General Robert Morgan by Deputy Attorney General Harrison Lewis and Trial Attorney I. B. Hudson, Jr., for the State.*

*George R. Morrow for defendant appellant Cooper.*

*Carroll W. Walden, Jr., for the defendant appellant Lovelace.*

VAUGHN, J.

The sole assignment of error brought forward by the defendants is to the following portions of the charge wherein the court defined intent to kill.

　　". . . So I charge you an intent to kill is the intent which exists in the mind of a person at the time he commits the assault or criminal act intentionally and without justification or excuse to kill his victim *or to inflict great bodily harm."* (Emphasis ours)

This instruction contains the identical prejudicial error found in *State v. Parker,* 272 N.C. 142, 157 S.E. 2d 666; *State v. Ferguson,* 261 N.C. 558, 135 S.E. 2d 626; and *State v. Muskelly,* 6 N.C. App. 174, 169 S.E. 2d 530. It would allow the jury to find an intent to

kill if the defendants intended either to kill or to inflict great bodily harm. If the jury found only an intent to inflict great bodily harm, this would be insufficient to sustain the felony charge since the intent to kill is an essential element of such charge. *State v. Ferguson, supra.*

For errors in the charge each defendant is entitled to a

New trial.

MALLARD, C.J., and MORRIS, J., concur.