STATE OF NORTH CAROLINA v. CLYDE BRYSON CHRISTY

No. 7519SC97

(Filed 21 May 1975)

1. Assault and Battery § 5— intent to kill — inference from circumstances
    An intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances.

**2. Assault and Battery § 14— intent to kill — sufficiency of evidence**

   In a prosecution for assault with a deadly weapon with intent to kill, evidence was sufficient to support a jury finding that defendant intended to kill his victim where such evidence tended to show that the victim was in defendant's place of business, the victim, the defendant and others participated in a gambling game, defendant and a third person argued, and defendant shot his victim twice when the victim tried to get another person out of the building.

**3. Criminal Law § 26— double jeopardy — failure of defendant to prove**

   Defendant failed to carry his burden of proof that he was subjected to double jeopardy in this prosecution for assault with a deadly weapon with intent to kill.

**4. Criminal Law § 89— testimony that defendant shot victim — admissibility for corroboration**

   The trial court did not err in allowing a witness to testify that the victim told her immediately after being shot that the defendant had shot him, since such testimony was admissible to corroborate the testimony of the victim.

**5. Criminal Law § 75— statements prior to Miranda warnings — admissibility**

   The trial court did not err in allowing testimony of an officer concerning statements made by defendant without benefit of *Miranda* warnings, though the court did not conduct a *voir dire* hearing to determine voluntariness of the statements, where the evidence tended to show that the statements were not the result of a custodial interrogation and where the defendant took the stand and gave testimony to the same effect as that of the officer.

APPEAL by defendant from *Seay, Judge.* Judgment entered 20 September 1974 in Superior Court, ROWAN County. Heard in the Court of Appeals 9 April 1975.

Defendant was charged in a bill of indictment with assault with a deadly weapon with intent to kill one Ray J. Johnson inflicting serious injury not resulting in death. The jury found him guilty as charged.

From judgment entered on the verdict, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General John R. B. Matthis, for the State.*

*Johnson & Jenkins, by Cecil R. Jenkins, Jr., for defendant appellant.*

MARTIN, Judge.

Defendant contends that the evidence does not show any intent to kill Johnson and so defendant's motion for nonsuit should have been granted.

[1]  The trial court properly instructed the jury that they must find as a fact that defendant Christy had the specific intent to kill Johnson. An intent to kill may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances. *State v. Thacker,* 281 N.C. 447, 189 S.E. 2d 145 (1972). It is a matter for the State to prove, and is ordinarily shown by proof of facts from which an intent to kill may be reasonably inferred. *State v. Thacker, supra.*

[2]  There is sufficient evidence in the record from which a jury could reasonably infer that defendant intended to kill Johnson. The evidence for the State tends to show, in summary, that on 4 November 1973 Ray Johnson visited defendant at defendant's place of business known as the "Dug-Out". After his arrival, Johnson participated in a gambling game with a number of persons. Defendant Christy entered the game. Eventually, one Arvil Kerley and defendant argued, but Johnson was not involved in the quarrel. Bobby Stubbs was standing behind Kerley, and Johnson attempted to get Stubbs out of the building. At this time defendant shot Johnson twice, once in the back and once in the stomach. Defendant's witness, William Hurst, testified that defendant went to the front of the building and "snapped" the gun at Johnson with two, three, or possibly five "clicks". According to Hurst, defendant then asked someone about the rest of his bullets and went back into the building. This assignment of error is overruled.

[3]  Defendant also assigns as error the trial court's refusal to grant his motion to dismiss for double jeopardy. In support thereof, it is asserted that defendant was acquitted of murder charges resulting from the deaths of Stubbs and Kerley and arising out of the same occurrence in which Johnson was shot. However, defendant acknowledges that there is nothing in the record on appeal to indicate that defendant was found not guilty of the murders of Stubbs and Kerley. The burden is on defendant to plead and to offer evidence to sustain his plea of former jeopardy. *State v. Coats,* 17 N.C. App. 407, 194 S.E. 2d 366 (1973). This assignment of error is overruled.

---

---

[4]   Johnson testified that after being shot he drove to a nearby trailer and asked Dianne Sexton to call an ambulance. He told Mrs. Sexton that he had been shot by Clyde Christy. For the purpose of corroborating the testimony of Johnson, Mrs. Sexton was permitted to testify that Johnson told her that he had been shot by Christy. There was no error in the admission of her testimony for this limited purpose.

[5]   Officer Fite of the Rowan County Sheriff's Office testified that he went to the "Dug-Out" pursuant to a complaint. According to this witness, Christy gave him permission to enter. When asked what had happened, Christy told Officer Fite that "they" were trying to take his money, that he had shot "them", and that he also shot "another one". Defendant contends the trial court erred in admitting the testimony of defendant's statements because at that time defendant had not been informed of his rights under *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966). There was no error in the admission of this testimony. Officer Fite testified that Mr. Christy was not under arrest at the time and was not being interrogated. In addition, there is no evidence that defendant had been taken into custody or that he was even suspected of a crime. *Miranda* warnings are only required when the defendant is being subjected to "custodial interrogation". *State v. Chappell,* 24 N.C. App. 656, 211 S.E. 2d 828 (1975). In addition, we would add that defendant took the stand and his testimony was to the same effect as that of Officer Fite. There is no contention that defendant's testimony was compelled by the testimony of Officer Fite. Furthermore, there was ample evidence to carry the question of defendant's guilt to the jury apart from Officer Fite's testimony. Therefore, the absence of a voir dire examination following defendant's objection to the testimony of Officer Fite was not reversible error. *State v. McDaniel,* 274 N.C. 574, 164 S.E. 2d 469 (1968).

We have carefully considered defendant's remaining assignments of error and find them to be without merit.

No error.

Judges BRITT and HEDRICK concur.