STATE OF NORTH CAROLINA v. WILLIE LEE HAMMONDS

No. 7526SC802

(Filed 18 February 1976)

1. **Robbery § 4— common law robbery — putting victim in fear — sufficiency of evidence**

    Evidence in a common law robbery prosecution was sufficient to be submitted to the jury where it tended to show that defendant entered a store where there were only two female employees, he demanded that one of the employees open the cash register, and the employee opened the register and parted with the money because of fear for her safety.

2. **Robbery § 5— common law robbery — use of force — jury instructions proper**

    The trial court's instruction in a common law robbery prosecution that the taking of money must be "by the use of force or threatened use of immediate force" was proper.

APPEAL by defendant from *Baley, Judge*. Judgment entered 3 June 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 23 January 1976.

Defendant was charged in a bill of indictment with the felony of common law robbery. The State's evidence tends to show the following: On 19 February 1975 defendant entered the Li'l General Store on Beatties Ford Road between 7:30 p.m. and 7:45 p.m. Two female employees were the only people in the store at that time. Defendant purchased a package of cigarettes and then went behind the counter. He instructed one of the employees to open the cash register. Defendant took the currency from the cash drawer and left the store. He was apprehended by two police officers shortly thereafter and was immediately identified by the two employees. A search of defendant's person produced more than twenty-seven one dollar bills, four five dollar bills, and one twenty dollar bill. The jury found defendant guilty as charged.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*Lindsey, Schrimsher, Erwin and Bernhardt, by Lawrence W. Hewitt, for the defendant.*

BROCK, Chief Judge.

[1] Defendant first argues that his motion for nonsuit should have been allowed on the grounds that the State's evidence fails

to establish an assault. The State's witness Gaut testified: "[H]e said 'O.K. open your register' and I hit the total button and stepped back . . . I was scared when he came in and asked me for the money. The fact that he asked me for the money scared me . . . I wasn't about to refuse him the money and suffer the consequences . . . But I knew that he was serious about it, because he was standing in my face staring at me as if I had done something wrong. The way he said it—'O.K., open your register'—that was enough to let me know he was not joking."

The offense of robbery has been defined many times as the taking of money or goods with felonious intent from the person of another, or in his presence, against his will, by violence or putting him in fear. 6 Strong, N. C. Index 2d, Robbery § 1, p. 678. "It is not necessary to prove both violence and putting in fear—proof of *either* is sufficient." *State v. Watson,* 283 N.C. 383, 196 S.E. 2d 212 (1973) ; *see also State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546 (1971).

"Generally, the element of force in the offense of robbery may be actual or constructive. Actual force implies physical violence. Under constructive force are included 'all demonstrations of force, menaces, and other means by which the person robbed is put in fear sufficient to suspend the free exercise of his will or prevent resistance to the taking . . . No matter how slight the cause creating the fear may be or by what other circumstances the taking may be accomplished, if the transaction is attended with such circumstances of terror, such threatening by word or gesture, as in common experience are likely to create an apprehension of danger and induce a man to part with his property for the sake of his person, the victim is put in fear.' " (Citation omitted.) *State v. Norris,* 264 N.C. 470, 141 S.E. 2d 869 (1965).

"Moreover, actual fear need not be strictly and precisely proved, since the law will presume fear if there appears to be just grounds for it. And the mere fact that the victim complied with the assailant's demands is itself indicative of fear." 67 Am. Jur. 2d, Robbery § 22, p. 43.

It seems clear from the evidence that the victim in this case, State's witness Gaut, opened the cash register and parted with the money because of fear for her safety. Surely she was

not required to wait for defendant to commit a battery upon her. This assignment of error is overruled.

[2] Defendant next argues that the trial judge committed error in his explanation of one of the elements of common law robbery. The trial judge instructed the jury that the taking of the money must be "by the use of force or threatened use of immediate force." We see no prejudice to defendant by this instruction. It appears appropriate for the circumstances of this case.

We note that this charge is taken from N.C.P.I.—Crim. 217.10, which lists six elements of the offense of common law robbery. The sixth element being "that the defendant used force or threatened immediate use of force to obtain the property." It seems that this instruction places a heavier burden on the State than is required by the long standing and often approved instruction that the taking must be by violence or putting the victim in fear. Putting the victim in fear could be accomplished by means other than an actual "threatened immediate use of force."

In our opinion defendant had a fair trial free from prejudicial error.

No error.

Judges PARKER and ARNOLD concur.