State v. Page

STATE OF NORTH CAROLINA v. WILLIE JAMES PAGE

No. 7618SC563

(Filed 15 December 1976)

1. **Criminal Law § 66— in-court identification of defendant — observation at crime scene as basis**

   Evidence in a rape prosecution was sufficient to support the finding of the trial court that the victim's in-court identification of defendant as the perpetrator of the crime was based solely upon her having seen defendant before and during the commission of the crime.

2. **Criminal Law § 86— other criminal acts by defendant — cross-examination proper**

   Defendant was not prejudiced where the trial court allowed him to be questioned on cross-examination as to whether he had committed certain specific criminal acts collateral to the crime for which he was then on trial, since each question related to defendant's criminal and degrading conduct within his own knowledge, and the court correctly instructed the jury that it could consider this testimony only as it related to defendant's credibility.

APPEAL by defendant from *Wood, Judge.* Judgment entered 13 February 1976 in Superior Court, GUILFORD County. Heard in Court of Appeals 16 November 1976.

This is a criminal action wherein the defendant, Willie James Page, age 24, was charged in a bill of indictment, proper in form, with second degree rape. Upon the defendant's plea of not guilty, the State offered evidence tending to show the following:

At 10:30 p.m. on 20 July 1975, Mrs. Maggie Mack, age 41, went to a beer joint named Ben Floyd's in Greensboro, North Carolina. Defendant was also at Ben Floyd's, but left at approximately 11:30 p.m. with his girl friend. Defendant returned to Ben Floyd's at approximately 1:30 a.m. Mrs. Mack was sitting at a table with Patricia Coleman and defendant joined them. Mrs. Mack observed defendant's face from about two feet away for fifteen minutes. The bar was well-lighted. Mrs. Mack and Patricia Coleman decided to leave at approximately 2:30 a.m., and defendant offered to walk them home. They walked to Patricia Coleman's house and she went inside. Mrs. Mack and defendant then crossed the street in the direction of her house at which time defendant asked to spend the night with her. When Mrs. Mack refused, defendant grabbed her by the throat,

State v. Page

threw her to the ground and raped her. Defendant told her that he would kill her if she reported the rape and then departed.

Defendant testified in his own behalf as follows: On the night in question he saw Mrs. Mack at Ben Floyd's at approximately 10:30 p.m. He left Ben Floyd's with his girl friend at approximately 11:30 and took her home. Later he returned to Ben Floyd's to get some cigarettes. Mrs. Mack gave him her phone number and asked him to visit her the next day. She then left with a man named Buck. Defendant walked Patricia Coleman part of the way to her house and then walked to his own house.

The jury found the defendant guilty as charged. From the judgment of the court imposing a prison sentence of twenty-five to thirty years, defendant appealed.

*Attorney General Edmisten by Associate Attorney Noel Lee Allen for the State.*

*Wallace C. Harrelson, Public Defender for the Eighteenth Judicial District, for the defendant appellant.*

HEDRICK, Judge.

[1] By his first two assignments of error defendant contends the court erred in denying his motion to suppress the in-court identification of Mrs. Mack of defendant as the man who raped her. After a voir dire hearing upon defendant's motion to suppress Mrs. Mack's in-court identification of defendant as the perpetrator of the crime, the court found and concluded that Mrs. Mack's in-court identification was based solely upon her having seen the defendant before and during the commission of the crime. This finding is supported by the evidence, and the court properly overruled defendant's motion to suppress. *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1972). This assignment of error has no merit.

[2] On cross-examination the defendant was asked a series of questions as to whether he had committed certain specific criminal acts collateral to the crime for which he was then on trial. Defendant objected to each question but was required to respond. The court instructed the jury that it should consider this evidence only as it related to the credibility of defendant's testimony at trial. By his sixteenth and twenty-first assignments of error defendant contends the court erred in admitting this

evidence of prior criminal acts and in instructing the jury that it could consider the evidence as it related to defendant's credibility.

In *State v. Williams,* 279 N.C. 663, 675, 185 S.E. 2d 174, 181 (1971), the Supreme Court stated, "It is permissible, for purposes of impeachment, to cross-examine a witness, including the defendant in a criminal case, by asking disparaging questions concerning collateral matters relating to his criminal and degrading conduct. Such questions relate to matters *within the knowledge of the witness,* not to accusations of any kind made by others. . . . " (Citations omitted).

Each question challenged by these exceptions relates to the defendant's "criminal and degrading conduct" within his own knowledge, and the court correctly instructed the jury that it could consider this testimony only as it related to defendant's credibility. These assignments of error are overruled.

Next defendant contends the court erred in allowing Mrs. Mack to demonstrate before the jury with the assistance of a police officer the manner in which defendant grabbed and raped her. The demonstration complained of was competent for the purpose of illustrating the testimony of the prosecuting witness. The assignment of error upon which this contention is based is overruled.

By his twelfth assignment of error defendant contends the court failed to set forth all the essential elements of the crime of rape. This contention has no merit. The trial court clearly set forth and described in its instructions to the jury each of the elements of the crime of rape, and the trial court also clearly explained to the jury that before it could find the defendant guilty, it must be satisfied from the evidence and beyond a reasonable doubt of each element of the offense.

Defendant has two additional assignments of error relating to the admission of testimony. We have carefully considered the exceptions upon which these assignments of error are based and find them to be without merit. No useful purpose will be served by further elaboration thereon.

We hold the defendant had a fair trial free from prejudicial error.

No error.

Chief Judge BROCK and Judge PARKER concur.