STATE OF NORTH CAROLINA v. BOBBY MURPHY

No. 808SC545

(Filed 4 November 1980)

1. Robbery § 4.2– common law robbery – sufficiency of evidence

The State's evidence was sufficient for submission to the jury on the issue of defendant's guilt of common law robbery where the victim testified that he knew the defendant and identified defendant as one of the four men who chased him, struck him in the head, and took his money, although the victim did not know which of the four struck him in the head or which one actually took his money.

2. Criminal Law § 86.5– impeachment of defendant – prior criminal acts or degrading conduct

The trial court in a robbery case properly permitted the prosecutor to cross-examine defendant for impeachment purposes about defendant's use of drugs and his efforts to forge a prescription for drugs.

APPEAL by defendant from Peel, Judge. Judgment entered 20 February 1980 in Superior Court, WAYNE County. Heard in the Court of Appeals 15 October 1980.

Defendant was convicted of common law robbery and assault inflicting serious injury. The trial court disregarded the assault verdict and sentenced the defendant to a term of imprisonment on the common law robbery charge. The state's evidence showed that defendant and three other persons chased after the prosecuting witness, Willie Taylor, about 1:30 in the nighttime. Willie was on his way home. He ran; they caught him and "clogged" him beside the head. Willie fell down and they took $30 or $35 from his pocketbook in his pants pocket. Willie was bleeding and was taken to the hospital where he stayed for a week. Willie knew that defendant was one of the four men but did not know the others.

Defendant's evidence showed that he remembered the day in question. It was Saturday and he was sick and in no shape to do anything. October 3rd was defendant's birthday and he had been given ten pints of wine that he drank on Friday afternoon before the day of the alleged robbery. He was at his sister's house all day Saturday and went to bed about 11:00. On Sunday, he still was in the house all day. He did not assault Willie.

From the judgment, defendant appeals.

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*Hulse & Hulse, by Donald M. Wright, for defendant.*

MARTIN (Harry C.), Judge.

[1] Defendant argues first that the evidence was insufficient to carry the state's case to the jury and that the trial court erred in denying his motion to dismiss. It is familiar law that upon this motion the court has the duty to consider the evidence in the light most favorable to the state, and give the state the benefit of all reasonable inferences that may be gathered from it. The evidence must be deemed true and discrepancies and contradictions are disregarded. *State v. Witherspoon,* 293 N.C. 321, 237 S.E. 2d 822 (1977). However, there must be substantial evidence of all material elements of the crime charged to withstand the motion to dismiss. *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974); *State v. Spellman,* 40 N.C. App. 591, 253 S.E. 2d 320, *disc. rev. denied,* 297 N.C. 616 (1979). Circumstantial evidence as well as direct evidence may be considered upon

State v. Murphy

such motion. *State v. McKnight*, 279 N.C. 148, 181 S.E. 2d 415 (1971); *State v. Johnson*, 199 N.C. 429, 154 S.E. 730 (1930).

Applying these rules to the evidence in this case, we find plenary evidence to withstand defendant's motion to dismiss. The evidence clearly shows that Willie Taylor knew the defendant and identified him as one of the four men who ran after him and robbed him. Defendant was not merely present; he actively participated in the robbery by chasing Willie. True it is, Willie did not know which of the four "clogged" him in the head or which one took his money. This does not defeat the state's case. All four men were there, acting together in concert with a common plan and purpose to rob their victim. Under these circumstances it is not essential to the state's case that it prove who struck the blow or took the money. All participants are equally guilty in the eyes of the law. *State v. Westbrook*, 279 N.C. 18, 181 S.E. 2d 572 (1971), *death sentence vacated*, 408 U.S. 939, 33 L. Ed. 2d 761 (1972); *State v. Lovelace*, 272 N.C. 496, 158 S.E. 2d 624 (1968). In order to show a community of unlawful purpose, it is not necessary to show an express agreement or understanding between the parties, nor is it necessary that it be shown by positive or direct evidence. Its existence may be inferred from all the circumstances accompanying the doing of the unlawful act, and from the conduct of defendant subsequent to the criminal act. Preconcert or a community of purpose may be shown by circumstances as well as by direct evidence. *State v. Sanders*, 288 N.C. 285, 218 S.E. 2d 352 (1975), *cert. denied*, 423 U.S. 1091, 47 L. Ed. 2d 102 (1976); *State v. Westbrook, supra.* There is ample evidence to show that defendant was present and actively engaged with his three cohorts in the chasing and robbing of Willie Taylor. *State v. Mitchell* and *State v. McKinzie*, 6 N.C. App. 755, 171 S.E. 2d 74 (1969). We also hold the evidence is sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt of the crime of common law robbery according to the standards of *Jackson v. Virginia*, 443 U.S. 307, 61 L. Ed. 2d 560, *rehearing denied*, 62 L. Ed. 2d 126 (1979). The assignment of error is overruled.

[2] Defendant contends the trial court erred in allowing the prosecuting attorney to ask certain questions of defendant on cross-examination. These questions were for the purpose of impeaching defendant. They related to defendant's use of drugs

and his efforts to forge a prescription for drugs. We hold the questions were proper. It is permissible, for the purposes of impeachment, to cross-examine a defendant about disparaging acts he may have committed, both as to criminal acts and to degrading acts. *State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. Page*, 31 N.C. App. 740, 230 S.E. 2d 433 (1976). The assignment of error is overruled.

We have carefully examined defendant's other assignments of error as to his post-verdict motions and the signing of the judgment, and they are overruled.

No error.

Judges VAUGHN and WELLS concur.