STATE OF NORTH CAROLINA v. LAVERN RAY IRWIN

No. 818SC562

(Filed 5 January 1982)

1. Robbery § 4.2— common law robbery—sufficiency of evidence

   The evidence was sufficient to show the life of the victim of the wrongful taking of property was endangered or threatened and to permit an instruction on common law robbery where it showed defendant wielded a knife and the victim testified that he was scared the defendant might hurt him if given the chance. Where there is evidence that the robber wielded a dangerous weapon, testimony by the victim that he was scared is sufficient to meet any requirement that the victim be endangered or threatened.

2. Kidnapping § 1; False Imprisonment § 1— false imprisonment—lesser offense of kidnapping

   False imprisonment is a lesser included offense of kidnapping and could properly be submitted to the jury where kidnapping was charged in the indictment.

3. Robbery § 5.3— common law robbery—hypothetical in instructions

   The defendant did not show prejudice in the court's giving a hypothetical example contrasting a temporary and permanent taking in response to a request by a juror.

4. Assault and Battery § 14.5— assault with intent to kill—insufficiency of evidence

   A specific intent to kill is an essential element of the offense of assault with intent to kill. Hence an intent to kill the victim by means of the assault, as opposed to an intent merely to intimidate, must accompany the assault. Therefore, the court improperly submitted to the jury the charge of assault with a deadly weapon with intent to kill where the evidence tended to show: Defendant grabbed a jail matron, held a knife to her throat and inadvertently caused the knife to make a small abrasion on her left cheek; he told the jailer and others that he would kill the matron if he had to, that "[D]on't any of [you] be no damn hero, I will kill this woman," and that "I don't want to kill this woman but I don't have any choice"; and once he locked the matron and others in a jail cell he fled without killing her. This was not evidence that defendant committed an assault the intent of which was to kill.

   Judge MARTIN (Harry C.) concurring in part and dissenting in part.

APPEAL by defendant from *Tillery, Judge.* Judgments entered 15 January 1981 in Superior Court, WAYNE County. Heard in the Court of Appeals on 12 November 1981.

Defendant was charged in a proper bill of indictment with armed robbery, assault with a deadly weapon with intent to kill inflicting serious injuries, and three counts of kidnapping.

Upon defendant's plea of not guilty, the State offered evidence tending to show the following:

On 20 May 1980, defendant was confined in the Wayne County jail awaiting trial on charges not related to these cases. At approximately 8:30 p.m., defendant was allowed by the jailer, Dewey Brogden, to come out of his cell to answer a telephone call. When defendant finished his telephone conversation, the jailer told defendant to return to his cell. Defendant then grabbed Ellen Sampson, a matron who was present, around the rib cage and held a knife to her throat. Defendant stated that he did not want to hurt anyone but that he did not have anything to lose and would kill Ms. Sampson if he had to. Defendant also said, "I don't want to hurt this woman but I don't have any choice," and "[D]on't any of [you] be no damn hero, I will kill this woman." After defendant held the knife to Ms. Sampson's throat, jailer Brogden, who was unarmed, became afraid of defendant, and scared that he would hurt someone and scared that the defendant might hurt Brogden if given the chance. Defendant ordered the jailer and Rodney Brogden, George Benson, Sylvester Williams, Howard Bebout, and Franklin Spence to get into a cell. Defendant, still holding the knife at the matron's throat, then followed jailer Brogden, Rodney Brogden, George Benson, and the other men as they went down the hall to the cell as ordered. Before jailer Brogden entered the cell and while he was at a distance of about ten feet from defendant, defendant told him to throw his (Brogden's) billfold and keys to the floor; Brogden did so, and defendant took the keys, some of which were to jailer Brogden's pickup truck. Thereafter, jailer Brogden, Rodney Brogden, George Benson, Sylvester Williams, Howard Bebout, and Franklin Spence, along with Ellen Sampson, went into the cell, and defendant slammed and locked the door. Defendant exited the jailhouse by the front door and was apprehended while attempting to get into the jailer's truck.

Defendant offered no evidence.

The jury returned a verdict finding defendant guilty of common law robbery, assault with a deadly weapon with intent to kill upon Ellen Sampson, and of three counts of false imprisonment. From judgments sentencing defendant to prison for a term of two years for common law robbery, five years for assault with a dead-

ly weapon with intent to kill, and two years for each count of false imprisonment, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Fred R. Gamin, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for defendant appellant.*

HEDRICK, Judge.

Defendant first assigns as error the court's failure to grant defendant's motion to dismiss the charge of armed robbery for insufficiency of the evidence. Since defendant was acquitted of that offense, this assignment of error is groundless.

[1] Defendant's next assignment of error is the court's instruction to the jury on the offense of common law robbery. Defendant argues there was insufficient evidence to permit instruction on that offense in that the State presented no evidence of an essential element of common law robbery, to wit, that the life of the *victim* of the wrongful taking of property, here Dewey Brogden, was endangered or threatened. Defendant contends that the State's evidence tended to show that only Ellen Sampson's, not Brogden's, life was threatened by defendant.

Common law robbery is the taking of money or goods with felonious intent from the person of another, or in his presence, against his will, by violence or putting him in fear. *State v. Moore,* 279 N.C. 455, 183 S.E. 2d 546 (1971). Without commenting on whether the endangerment or threat must be posed to the victim of the robbery as opposed to some third person, suffice it to say that evidence in the present case tended to show that defendant accomplished the robbery of personal property from Brogden by endangering or threatening the life of Brogden himself. Defendant was wielding a knife and could at any moment have turned its use towards Brogden if Brogden balked at defendant's demands. Brogden testified that he was scared that defendant might hurt him (Brogden) if given the chance. When there is evidence that the robber is wielding a dangerous weapon, testimony by the victim that he was scared is sufficient to meet any requirement that the victim be endangered or threatened. *See State v. Swaney,* 277 N.C. 602, 178 S.E. 2d 399, *appeal dismissed and cert. denied,* 402 U.S. 1006, 91 S.Ct. 2199, 29 L.Ed. 2d

428 (1971). Furthermore, the mere fact that the victim complied with the assailant's demands is itself indicative of fear. *State v. Hammonds*, 28 N.C. App. 583, 222 S.E. 2d 4 (1976). The State, therefore, put on evidence of all essential elements of common law robbery, including the "violence or fear" requirement, and this assignment of error is without merit.

[2] Defendant also assigns as error the court's instructions to the jury on the offense of false imprisonment. Defendant argues that false imprisonment is not a lesser included offense of the offense charged in the indictment, *i.e.*, kidnapping, and therefore should not have been submitted for the jury's consideration. This argument is without merit. "[W]hen a defendant is indicted for a criminal offense, he may be convicted of the charged offense or a lesser included offense when the greater offense which is charged in the bill of indictment contains all the essential elements of the lesser." *State v. Hunter*, 299 N.C. 29, 38, 261 S.E. 2d 189, 195 (1980). False imprisonment is a lesser included offense of kidnapping, *State v. Fulcher*, 34 N.C. App., 233, 237 S.E. 2d 909 (1977), *aff'd*, 294 N.C. 503, 243 S.E. 2d 338 (1978), and therefore the court's instruction thereon was not improper. This assignment of error has no merit.

[3] Defendant's next assignment of error is the court's use of a hypothetical illustration in instructions it gave to the jury after a juror requested further elaboration on the "permanent taking" element of common law robbery.

In explaining legal principles to a lay jury, the trial judge's use of illustrations should be carefully guarded to avoid suggestions susceptible of inferences as to facts beyond intended, but the mere use of hypothetical illustrations will not result in vacating the verdict on appeal unless the appellant can show that he was materially prejudiced by their use. *Rea v. Simowitz*, 226 N.C. 379, 38 S.E. 2d 194 (1946). A judge's charge to the jury is to be construed as a whole, and if, when so construed, it is sufficiently clear that no reasonable cause exists to believe that the jury was misled or misinformed, any exception to it will not be sustained even though the instruction could have been more aptly worded. *State v. Williams*, 299 N.C. 652, 263 S.E. 2d 774 (1980).

In the present case, the court gave a hypothetical example contrasting a temporary and a permanent taking. Defendant has

in no way shown how the instruction prejudiced him, and in fact, the instruction fairly and correctly presented the law in response to a question of a juror. This assignment of error is therefore overruled.

[4] Finally, defendant assigns as error the court's failure to grant his motion to dismiss, for insufficiency of the evidence, the charge of assault with a deadly weapon with intent to kill. Defendant argues that the State presented no evidence that defendant had the requisite intent to kill.

"[T]here must be substantial evidence of all material elements of the crime · charged to withstand the motion to dismiss." *State v. Murphy*, 49 N.C. App. 443, 444, 271 S.E. 2d 573, 574 (1980). A specific intent to kill is an essential element of the offense of assault with intent to kill. *State v. Cooper*, 8 N.C. App. 79, 173 S.E. 2d 604 (1970); *see also State v. Parks*, 290 N.C. 748, 228 S.E. 2d 248 (1976) and *State v. Christy*, 26 N.C. App. 57, 215 S.E. 2d 154 (1975). Hence an intent to kill the victim by means of the assault, as opposed to an intent merely to intimidate, must accompany the assault. To sustain a conviction of assault with intent to kill, there must be an assault the intent of which is to kill. The requisite intent to kill must be proven by the State, and may be inferred from the nature of the assault, the manner in which it was made, the conduct of the parties, and other relevant circumstances. *State v. Thacker*, 281 N.C. 447, 189 S.E. 2d 145 (1972). Furthermore, evidence that a defendant would have had an intent to kill only if a particular event occurred is not sufficient to meet the requirement that there be evidence of an actual, existing, and present intent to kill, since such a conditional intent to kill will never be actualized if the condition precedent upon which it is based never occurs. *Stroud v. State*, 131 Miss. 875, 95 So. 738 (1923); *see also Craddock v. State*, 204 Miss. 606, 37 So. 2d 778 (1948) and *Lindley v. State*, 234 Miss. 423, 106 So. 2d 684 (1958).

In the present case, the State presented evidence that defendant grabbed the matron and held a knife to her throat and inadvertently caused the knife to make a small abrasion on her left cheek and that defendant said that he would kill Ms. Sampson if he had to, and that he said "[D]on't any of [you] be no damn hero, I will kill this woman" and "I don't want to hurt this woman but I don't have any choice." Even if this evidence tended to show that

defendant had an *intent* to kill Ms. Sampson *eventually*, it is not evidence of the requisite intent to kill her by means of the assault, *i.e.*, it is not evidence that defendant committed an assault the intent of which was to kill.

The State's evidence really tended to show that defendant threatened to kill Ms. Sampson only if she and other persons present at the jail failed to comply with his orders. This evidence is evidence of only a conditional intent to kill, the converse of which is a specific intent *not to kill* anyone if Brogden and the others complied with defendant's demands. The State presented evidence of an intent to kill which would be activated only upon the captives' noncompliance; the State presented no evidence that the intent was ever activated; rather, the fact that the captives did comply and that Ellen Sampson was not killed or exposed to an attempt by defendant to kill her negates the possibility that defendant ever intended to kill her. The State's evidence shows only that defendant committed an assault with the intent to intimidate. The trial judge, therefore, improperly submitted to the jury the charge of assault with a deadly weapon with intent to kill, and defendant's conviction of that offense must be reversed.

There was ample evidence that defendant, using an instrument capable of producing great bodily harm, committed a show of violence causing Ms. Sampson to have a reasonable apprehension of immediate bodily harm. Hence, the State presented sufficient evidence to allow the judge to submit to the jury the offense of assault with a deadly weapon. The jury, in finding beyond a reasonable doubt that defendant committed assault with a deadly weapon with intent to kill, necessarily found beyond a reasonable doubt that defendant had committed the elements of the lesser included offense of assault with a deadly weapon. Hence, this case will be remanded solely for entry of a verdict of guilty of assault with a deadly weapon, and for a proper judgment on that verdict. *See State v. Goss*, 293 N.C. 147, 235 S.E. 2d 844 (1977); *State v. Keeter*, 35 N.C. App. 574, 241 S.E. 2d 708 (1978); *State v. Cornell*, 51 N.C. App. 108, 275 S.E. 2d 857 (1981). There has been no showing that a new trial would produce a different result as to the jury's findings on defendant's guilt of assault with a deadly weapon, and therefore a new trial is not warranted. *State v. Mathis*, 293 N.C. 660, 239 S.E. 2d 245 (1977).

The result is: for the trial on common law robbery and false imprisonment, no error; for the judgment on assault with a deadly weapon with intent to kill, vacated and remanded.

No error in part; vacated and remanded in part.

Judge CLARK concurs.

Judge MARTIN (Harry C.) concurs in part and dissents in part.

Judge MARTIN (Harry C.) concurring in part and dissenting in part:

I concur in the majority opinion finding no error in the trial of the common law robbery and false imprisonment charges. For the reasons set forth below, I dissent from the portion of the opinion with respect to the charge of assault with a deadly weapon with the intent to kill.

The majority holds that the state failed to present sufficient evidence of defendant's intent to kill to allow the felonious assault charge to be submitted to the jury. They argue that any intent on the part of defendant to kill Ellen Sampson was conditional and, relying upon a 1923 Mississippi case, hold that the evidence is insufficient on the element of intent to carry the case to the jury on this charge. I cannot agree.

From the majority's holding comes the inescapable conclusion that evidence of intent to kill is insufficient as a matter of law in any hostage-taking situation where a deadly weapon is used as a coercive device to force compliance with the defendant's demand. Moreover, by logical extension of this reasoning, it would be possible for any defendant to negate the intent element as a matter of law by simply informing his victim that he does not intend to kill or promising not to kill as long as the victim submits. To be sure, the law does not contemplate that the accused can control the degree of his culpability in this fashion.

Intent is a condition of the mind, seldom, if ever, capable of direct or positive proof, but is arrived at by such just and reasonable deductions from the acts and facts proven as the guarded judgment of a reasonably cautious and prudent person

would ordinarily draw therefrom. It is usually shown by facts and circumstances known to the party charged with the intent and may be evidenced by the acts and declarations of the party.

Intent to kill is a mental attitude and ordinarily must be proved by circumstantial evidence, that is, by proving facts from which the intent may be reasonably inferred. Intent to kill may be inferred from the act in question, the nature of the assault, the manner in which it was made, the purpose of the assault, the conduct of the parties, and other relevant circumstances. *State v. Cauley*, 244 N.C. 701, 94 S.E. 2d 915 (1956); *State v. Revels*, 227 N.C. 34, 40 S.E. 2d 474 (1946); *State v. Smith*, 211 N.C. 93, 189 S.E. 175 (1937). Ordinarily, it must be left to the jury to decide, from all the facts and circumstances, whether the ulterior criminal intent existed. *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923).

In determining whether a charge should be submitted to the jury, the evidence must be considered in the light most favorable to the state, and the state is entitled to every reasonable intendment thereon and every reasonable inference therefrom. Discrepancies and contradictions in the evidence are disregarded, as they are matters for the jury and do not warrant nonsuit. *State v. Witherspoon*, 293 N.C. 321, 237 S.E. 2d 822 (1977); *State v. Smith*, 291 N.C. 505, 231 S.E. 2d 663 (1977); *State v. McNeil*, 280 N.C. 159, 185 S.E. 2d 156 (1971). If there is any evidence tending to prove the fact of guilt or which reasonably leads to that conclusion as a logical and legitimate deduction, the issue is one to be decided by the jury. *Smith*, 291 N.C., *supra*.

Applying the above rules to the facts of this case, I find ample evidence to take the case to the jury on the issue of intent to kill. Defendant was a prisoner in the Wayne County jail. In escaping from the jail, he grabbed Ellen Sampson, a female employee in the jail, from behind, holding her around the body with one arm and putting and holding a knife to her throat with his other arm. He kept the knife at her throat at all times until he left the jail, a period of some five to seven minutes. He held her up with such force that she lost her shoes. When he first assaulted her, he had the knife at her face, causing a small abrasion on her cheek. Then he lowered the knife to her throat. I find no evidence that the small cut or abrasion to her face was "inadvertent," as it is described by the majority. The statements of defendant, when

placed upon this background of a desperate prisoner escaping from jail by threatening the life of Ellen Sampson, do not negate as a matter of law the inferences as to defendant's intent arising from the circumstances of the assault. His statement, "don't any of [you] be no damn hero, I will kill this woman," is in no way conditional.

The jury had no difficulty in considering all the evidence and resolving the issue of defendant's intent when he assaulted Ellen Sampson. It was the jury's province to do so. *Allen, supra.*

I find no error in the trial of the felonious assault charge.