STATE OF NORTH CAROLINA v. CRAIG DARRYL GRIGSBY, Defendant

No. COA98-944

(Filed 20 July 1999)

## 1. Indictment and Information— spelling of defendant's name—correction

The trial court did not err in a prosecution for robbery and assault by allowing the State to amend the indictment on the first day of the trial to correct the spelling of defendant's last name. Although a change in the name of the victim is a substantial change, a change in the spelling of defendant's name to add one letter is not a substantial alteration. Defendant cannot seriously argue that he was unaware of the charges against him.

## 2. Evidence— cross-examination—impeachment of credibility—cumulative

The trial court did not abuse its discretion in a prosecution for robbery and assault by not allowing defendant to cross-examine a witness for the State regarding the witness's dismissal from the restaurant which was subsequently robbed. Defendant had cross-examined the witness and the jury had before it evidence with which to evaluate his credibility. The court properly exercised its broad discretion in limiting the scope of cross-examination.

## 3. Assault— intent to kill—instructions

The trial court's instruction in a prosecution for assault with a deadly weapon with intent to kill did not lessen the State's burden of proof where the instruction stated that the State must

prove that defendant assaulted the victim by stabbing him or "intentionally causing him to be cut." The jury was asked to and did find specific intent to kill separate from any finding of the manner in which the victim came to be stabbed.

**4. Assault— intent to kill—sufficiency of evidence**

The charge of assault with a deadly weapon with intent to kill was improperly submitted to the jury, but assault with a deadly weapon inflicting serious injury was properly submitted, where defendant sneaked into a restaurant before it opened and ambushed the victim; defendant threatened the victim with a knife, repeating, "If you don't give me what I want," and, "You're going to give me what I want"; defendant put down the knife, picked up lighter fluid, and threatened to burn the victim; the victim grabbed the knife and the two struggled; defendant was slightly injured and the victim was stabbed in the chest; and defendant ran from the scene. Entering the premises without attempting to hide his identity does not lead to the conclusion that defendant intended to kill the victim and leave no witnesses, and subsequently telling a State's witness that he would have gotten away with it if he had had a gun only allows conjecture by a jury that defendant intended to kill.

Appeal by defendant from judgment entered 30 October 1997 by Judge William C. Gore, Jr., in New Hanover County Superior Court. Heard in the Court of Appeals 17 May 1999.

*Attorney General Michael F. Easley, by Assistant Attorney General Laura E. Crumpler, for the State.*

*Nora Henry Hargrove for defendant-appellant.*

LEWIS, Judge.

Defendant was tried at the 27 October 1997 Session of New Hanover County Superior Court for the 10 January 1996 attempted robbery of TGI Friday's and assault on the manager, David Love. Charges of assault with a deadly weapon with intent to kill inflicting serious injury, assault with a deadly weapon inflicting serious injury, and attempted robbery with a dangerous weapon were submitted to the jury. The jury convicted defendant of assault with a deadly weapon with intent to kill inflicting serious injury and attempted robbery with a dangerous weapon; defendant appeals.

**[1]** Defendant first contends that the trial court erroneously allowed the prosecution to amend the indictment on the first day of the trial to correct the spelling of defendant's last name. Defendant contends that this action was in violation of N.C. Gen. Stat. § 15A-923(e) (1997), which prohibits amendment of indictments. Defendant claims that the amendment changed his defense "from 'that is not me' to something else." We find this argument unpersuasive.

It is well established that amendments " 'which would substantially alter the charge set forth in the indictment' " are prohibited. *State v. Price*, 310 N.C. 596, 598, 313 S.E.2d 556, 558 (1984) (quoting *State v. Carrington*, 35 N.C. App. 53, 58, 240 S.E.2d 475, 478, *disc. review denied*, 294 N.C. 737, 244 S.E.2d 155 (1978)). *See also State v. Brinson*, 337 N.C. 764, 767, 448 S.E.2d 822, 824 (1994); *State v. Colvin*, 92 N.C. App. 152, 156, 374 S.E.2d 126, 130 (1988), *disc. review denied*, 324 N.C. 249, 377 S.E.2d 758 (1989). A change in the spelling of defendant's last name is a mere clerical correction of the truest kind; defendant cannot seriously argue that he was unaware of the charges against him because one letter was missing from his last name. *See Colvin, id.* Although defendant's defense was that he was not the perpetrator of the crime, he did not claim that the perpetrator was a man named Craig *Grisby*, as his name was spelled on the indictment. Defendant was identified at trial by witnesses as the man who discussed robbing the store and as the man who indeed assaulted David Love; defendant was aware that he was the man on trial for the crimes charged. Although a change in the name of the *victim* is a substantial change, *see State v. Abraham*, 338 N.C. 315, 340, 451 S.E.2d 131, 144 (1994), a change in the spelling of defendant's name, adding one letter, is not such a substantial alteration. "We conclude the amendment to the indictment was permissible because it did not substantially alter the charge in the original indictment." *Brinson*, 337 N.C. at 767, 448 S.E.2d at 824. This assignment of error is overruled.

**[2]** Defendant next argues that he should have been allowed to cross-examine Raymond Bates, a witness for the State, regarding Bates's dismissal from employment at TGI Friday's. The testimony was as follows:

Q: And Mr. Bates, you were fired for stealing ribs, is that right, sir?

Ms. EDWARDS: Objection, Your Honor.

THE WITNESS: Allegedly.

THE COURT: Sustained.

MS. EDWARDS: Move to strike.

THE COURT: Motion to strike is allowed. Disregard the last question from counsel, please.

Rule 608(b) allows cross-examination regarding specific acts of misconduct if the purpose of such questions is to show conduct indicating character for truthfulness, the questions in fact are probative of truthfulness, the act did not result in a criminal conviction, and the acts are not too remote in time. *See State v. Bell*, 338 N.C. 363, 382, 450 S.E.2d 710, 720 (1994), *cert. denied*, 515 U.S. 1163, 132 L. Ed. 2d 861 (1995). "[I]t is within the trial court's discretion to allow or disallow cross-examination of a witness about his specific acts if the acts are relevant to his character for truthfulness or untruthfulness." *State v. Hunt*, 339 N.C. 622, 658, 457 S.E.2d 276, 297 (1994), *reconsideration denied*, 339 N.C. 741, 457 S.E.2d 304 (1995). Our Supreme Court has held that questions regarding alleged larceny and conspiracy to commit larceny "without more, are not necessarily probative of [the witness's] propensity for truthfulness." *Bell*, 338 N.C. at 382-83, 450 S.E.2d at 721.

The trial court did not abuse its discretion in preventing defendant from cross-examining Bates about any alleged theft of ribs. Defendant had cross-examined Bates and impeached him with evidence that Bates waited four months before admitting he knew about the robbery, experienced a messy break-up with defendant's sister, and had "bad blood" with defendant. Defendant concedes in his brief that the ribs-related questions were designed "to *further* impeach Bates" (emphasis added). As such, he indicates that the jury had evidence before it with which to evaluate Bates' credibility. *See id.* at 383, 450 S.E.2d at 721. The trial court properly exercised its broad discretion in limiting the scope of cross-examination. *See State v. Call*, 349 N.C. 382, 411, 508 S.E.2d 496, 514 (1998). This assignment of error is overruled.

[3] Defendant next argues that the instructions given to the jury lessened the State's burden of proof. Defendant objected to the italicized portions of the following instructions:

Now, I charge that for you to find the defendant guilty of assault with a deadly weapon with intent to kill, inflicting serious injury,

the state must prove four things, beyond a reasonable doubt: First, that the defendant assaulted the victim by stabbing him *or intentionally causing him to be cut.* Second, that the defendant used a deadly weapon. A deadly weapon is a weapon which is likely to cause death or serious bodily injury. . . . Third, the state must prove that the defendant had the specific intent to kill the victim.

. . . .

Fourth, ladies and gentlemen, the state must prove that the defendant inflicted serious injury upon the victim.

So I charge you that if you find from the evidence, beyond a reasonable doubt, that on or about the alleged date, the defendant intentionally stabbed *or caused the victim to be cut with a knife* and that the knife was a deadly weapon and that the defendant intended to kill the victim and did seriously injure him, it would be your duty to return a verdict of guilty of assault with a deadly weapon with the intent to kill, inflicting serious injury; however, if you do not so find, or have a reasonable doubt as to one or more of these things, you will not return a verdict of guilty . . . and you must consider whether the defendant is guilty of assault with a deadly weapon inflicting serious injury.

(Emphasis added). Defendant contends on appeal that the addition of the language "causing him to be cut" lightened the State's burden in proving intent to kill. We disagree. Defendant cites case law that is inapposite to his position, and the instructions clearly indicate that the jury was asked to and did find specific intent to kill separate from any finding of the manner in which the victim came to be stabbed. Instructions are to be read as a whole, *see State v. Lynch*, 340 N.C. 435, 464-65, 459 S.E.2d 679, 693 (1995), *cert. denied*, 517 U.S. 1143, 134 L. Ed. 2d 558 (1996), and we find no error in these.

[4] Defendant's final contention is that the trial court erred in denying his motion to dismiss at the close of the State's evidence. He argues that "the evidence was insufficient to show that the defendant assaulted David Love with the intent to kill."

In considering a motion to dismiss, the evidence must be considered in the light most favorable to the State, and the State is entitled to every reasonable inference to be drawn therefrom. The test of whether the evidence is sufficient to withstand a motion to dismiss is whether a reasonable inference of defendant's guilt

may be drawn therefrom, and the test is the same whether the evidence is direct or circumstantial.

*State v. Gainey*, 343 N.C. 79, 85, 468 S.E.2d 227, 231 (1996) (citation omitted). Defendant contends that the trial court allowed "the fact that an injury was inflicted [to] prove specific intent to kill."

Defendant is correct that intent to kill is an essential element of the offense of which he was convicted. *See State v. Reid*, 335 N.C. 647, 654, 440 S.E.2d 776, 780 (1994). He is also correct that the injury to Love, standing alone, does not establish his intent to kill. *State v. White*, 307 N.C. 42, 49, 296 S.E.2d 267, 271 (1982). Moreover, the State must show that defendant had an actual intent to kill in assaulting Love, rather than an intention merely to intimidate. *See State v. Irwin*, 55 N.C. App. 305, 309-10, 285 S.E.2d 345, 349 (1982) (holding charge of assault with a deadly weapon with intent to kill improperly submitted to jury since defendant threatened to kill the victim only if she and others failed to comply with his demands and thus had no intent to kill in his assault of her). "[T]he nature of the assault, the manner in which it was made, the weapon, if any, used, and the surrounding circumstances are all matters from which an intent to kill may be inferred." *White*, 307 N.C. at 49, 296 S.E.2d at 271.

The State's evidence tended to show that defendant sneaked into TGI Friday's before it opened and ambushed David Love. Defendant threatened Love with a knife, repeating, "If you don't give me what I want," and, "You're going to give me what I want." Defendant put down the knife, picked up lighter fluid, and threatened to burn Love. Love grabbed the knife, and defendant jumped on Love's back. The two struggled for the knife; defendant was slightly injured and Love was stabbed in the chest. Defendant ran from the scene.

Viewing this evidence, as we must, in the light most favorable to the State, *see State v. Moore*, 335 N.C. 567, 604, 440 S.E.2d 797, 818, *cert. denied*, 513 U.S. 898, 130 L. Ed. 2d 174 (1994), we hold that sufficient evidence was not presented from which a jury could find defendant assaulted Love with the intent to kill him. " 'When a defendant moves for dismissal, the trial court is to determine only whether there is substantial evidence of each essential element of the offense charged and of the defendant being the perpetrator of the offense.' " *Id.* at 603, 440 S.E.2d at 818 (quoting *State v. Vause*, 328 N.C. 231, 236, 400 S.E.2d 57, 61 (1991)). Substantial evidence in this context must be "real, not just seeming or imaginary." *State v. Powell*, 299 N.C. 95, 99, 261 S.E.2d 114, 117 (1980).

The State argues that defendant entered the premises without attempting to hide his identity and that this leads to the conclusion that he intended to leave no witnesses to his crime and therefore intended to kill Love. We believe this leap of inference is more than the evidence will support and more than our law allows. The State also argues that defendant told one of the State's witnesses that he would have "got [sic] away with it" if he had had a gun. This, too, allows conjecture by the jury that defendant intended to kill Love; it provides no substantial evidence to support such a determination. The charge of assault with a deadly weapon with intent to kill inflicting serious injury was improperly submitted to the jury.

The lesser included offense of assault with a deadly weapon inflicting serious injury was properly submitted, however. Each of the elements of assault with a deadly weapon inflicting serious injury was necessarily found in defendant's conviction for the greater crime of assault with a deadly weapon with intent to kill inflicting serious injury. *See Irwin,* 55 N.C. App. at 310, 285 S.E.2d at 350. We hold only that there was not sufficient evidence of defendant's intent to kill. Therefore, this case is remanded for entry of a verdict of guilty on the lesser included offense of assault with a deadly weapon inflicting serious injury and for resentencing. We find no error in defendant's conviction for attempted robbery with a dangerous weapon. A new trial is not warranted.

No error in part; vacated and remanded in part.

Chief Judge EAGLES and Judge HORTON concur.