STATE OF NORTH CAROLINA
v.
ROBERT BOBBY PARHAM II
No. COA09-791.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Sandra Wallace-Smith, for the State.
Sue Genrich Berry for defendant-appellant.
BRYANT, Judge.
On 16 October 2008, a jury convicted defendant Robert Bobby Parham II of attempted first-degree murder, assault with a deadly weapon with intent to kill inflicting serious injury and first-degree burglary. The jury also found that defendant was a violent habitual felon. The trial court imposed sentences of life in prison without the possibility of parole for each offense. Defendant appeals. As discussed below, we find no prejudicial error.

Facts
The evidence at trial tended to show the following. On 25 May 2006, defendant's estranged wife Tessa Jones was living with Barry Thornton in Durham. That evening, at about 11:30 p.m., Jones and Thornton were awakened by a loud noise. Frightened, Jones grabbed her cell phone and hid in the closet. When she heard defendant speaking to Thornton, Jones called 911. Defendant then ordered Jones to come out of the closet and when she did, defendant stabbed her in the back, thigh and head with a butcher knife.
When police officers arrived, they heard a woman screaming and saw a side door to the apartment had been kicked in. Defendant shouted that he would kill Jones if the officers entered the bedroom. The officers talked defendant into releasing Thornton from the bedroom as Jones screamed in agony. Once defendant allowed the officers to enter the bedroom, they found defendant seated on the bed and Jones lying on the floor, barely breathing and gurgling blood. Defendant presented evidence from psychiatrist Dr. George Corvin, who opined that, because of defendant's mental condition, he lacked the ability to form plans with an understanding of the likely consequences of his actions.
On appeal, defendant made three assignments of error and lists each in his brief to this Court: the trial court erred in denying his request to instruct the jury on the defense of diminished capacity to the (I) assault with a deadly weapon with intent to kill inflicting serious injury and (II) burglary charges, and (III) in failing to properly instruct the jury on expert witness testimony. However, in his brief, defendant concedes the second and third issues and abandons his related assignments of error. Having carefully considered defendant's remaining argument and assignment of error, we find no prejudicial error.

Analysis
Defendant argues the trial court erred to his prejudice in denying his request for an instruction on diminished capacity as a defense to the assault with a deadly weapon with intent to kill inflicting serious injury charge. We disagree.
"It is the duty of the trial court generally to declare and explain the law arising on the evidence and to instruct according to the evidence." State v. Clark, 324 N.C. 146, 160, 377 S.E.2d 54, 63 (1989) (citation and quotation marks omitted). "It is a well-established rule that when a request is made for a specific instruction which is correct in itself and supported by evidence, the trial judge, while not required to parrot the instructions . .. must charge the jury in substantial conformity to the prayer." Id. at 160-61, 377 S.E.2d at 63 (citation and quotation marks omitted).
However, in order to prevail on appeal, a defendant asserting an error which does not implicate his constitutional rights must show more than error. He must also show prejudice, which is defined as "a reasonable possibility that, had the error in question not been committed, a different result would have been reached at the trial out of which the appeal arises." N.C. Gen. Stat. § 15A-1443(a) (2009). The defendant bears the burden of showing prejudice. Id.
"The defense of diminished capacity applies to the element of specific intent to kill which is an essential element of assault with a deadly weapon with intent to kill inflicting serious injury." State v. Williams, 116 N.C. App. 225, 231, 447 S.E.2d 817, 821 (1994), disc. review denied, 339 N.C. 741, 454 S.E.2d 661 (1995). The trial court in Williams erred when it failed to give an instruction on diminished capacity which was supported by the evidence. Id. at 232, 447 S.E.2d at 821. We held that "[b]ecause [the] defendant's state of mind was a crucial issue in the charge of assault with a deadly weapon with intent to kill inflicting serious injury, a reasonable possibility exists that absent the error the jury would have reached a different result." Id.
Here, defendant presented evidence from Dr. Corvin that would have supported an instruction on diminished capacity and the trial court erred in failing to give such an instruction on the assault charge.[1] However, the trial court did instruct on diminished capacity in charging the jury on attempted first-degree murder, which is also a specific intent crime:
Diminished Capacity. You may find there is evidence which tends to show that the Defendant lacked mental capacity at the time of the acts alleged in this case. If you find that the Defendant lacked mental capacity, you should consider whether this lack of mental capacity affected his ability to formulate the specific intent which is required for a conviction of attempted first degree [sic] murder.
In order for you to find Defendant guilty of attempted first degree [sic] murder, you must find beyond a reasonable doubt that he attempted to kill Tessa Jones with malice and in the execution of an actual specific intent to kill formed after premeditation and deliberation. If as a result of lack of mental capacity the Defendant did not have the specific intent to kill Tessa Jones formed after premeditation and deliberation, he is not guilty of attempted first degree [sic] murder.
Therefore, I charge that if, upon considering the evidence with respect to the Defendant's lack of mental capacity, you have a reasonable doubt as to whether the Defendant formulated the specific intent required for conviction of attempted first degree [sic] murder, you will not return a verdict of guilty as to this charge.
See State v. Tirado, 358 N.C. 551, 579, 599 S.E.2d 515, 534 (2004) ("The elements of attempted first-degree murder are: (1) a specific intent to kill another; (2) an overt act calculated to carry out that intent, which goes beyond mere preparation; (3) malice, premeditation, and deliberation accompanying the act; and (4) failure to complete the intended killing."), cert. denied, 544 U.S. 909, 161 L. Ed. 2d 285 (2005). The defense of diminished capacity applies to the same element in both assault with a deadly weapon with intent to kill inflicting serious injury and attempted first-degree murder: a specific intent to kill. Here, the attempted murder and assault with a deadly weapon with intent to kill inflicting serious injury charges are both based on the same action: defendant's knife attack on Jones. The jury, having received the proper diminished capacity instruction, convicted defendant of attempted first-degree murder, indicating they rejected defendant's defense of diminished capacity in considering that charge. Thus, defendant cannot show a reasonable possibility exists that the jury would have accepted the same defense in connection with his charge of assault with a deadly weapon with intent to kill inflicting serious injury which arose from the same facts. While defendant has shown error in the trial court's denial of his instruction request, he has failed to show that this error prejudiced him.
NO PREJUDICIAL ERROR.
Judges HUNTER, Robert C., and JACKSON concur.
Report per Rule 30(e).
NOTES
[1] While the State does not expressly concede that the trial court erred in failing to instruct on diminished capacity, its brief does not contend that the trial court's action was correct and instead focuses solely on the issue of prejudice.