**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-6443

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

COREY FLEAMON TOWNSEND,

Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:10-cr-00147-WO-1; 1:13-cv-00048-WO-JEP)

Argued: December 5, 2017                    Decided: March 30, 2018

Before NIEMEYER and DUNCAN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by published opinion. Senior Judge Shedd wrote the opinion in which Judge Niemeyer and Judge Duncan joined.

**ARGUED:** Michael Allen McIntosh, SKADDEN, ARPS, SLATE, MEAGHER & FLOM, LLP, Washington, D.C., for Appellant. Kyle David Pousson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee. **ON BRIEF:** Sandra J. Hairston, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

SHEDD, Senior Circuit Judge:

Corey Townsend filed a motion under 28 U.S.C. § 2255 challenging the lawfulness of his sentence under the Armed Career Criminal Act ("ACCA") in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA was unconstitutionally vague. The district court dismissed Townsend's motion. Because Townsend's prior conviction for North Carolina assault with a deadly weapon with intent to kill inflicting serious injury is categorically a violent felony under the force clause of the ACCA, we affirm.

I.

In 2010, Townsend was indicted for possession of a firearm by a felon under 18 U.S.C. § 922(g)(1). The indictment also charged Townsend as an armed career criminal under the ACCA, 18 U.S.C. § 924(e), alleging three prior instances of predicate felony conduct: (1) a 1998 conviction for robbery with a firearm; (2) 1998 convictions for assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI") and assault with a deadly weapon inflicting serious injury ("AWDWISI"); and (3) 1989 convictions for breaking and entering, breaking and entering of a motor vehicle, larceny, possession of burglary tools, and possession of stolen goods. Prior to trial, Townsend pled guilty to the § 922(g)(1) charge.

Before sentencing, probation prepared a presentence investigation report ("PSR") recommending that Townsend receive an enhanced sentence under the ACCA because of his three prior instances of felony conduct. Townsend challenged his classification as an armed career criminal at sentencing, but he did not contest the representation in the PSR

2

that he was convicted of AWDWIKISI or whether AWDWIKISI was categorically a violent felony. Over Townsend's objection, the district court found that Townsend qualified for the enhanced sentence under the ACCA based on his three prior instances of qualifying felony conduct and sentenced Townsend to 225 months of incarceration. Townsend appealed both his conviction and sentence, and we affirmed. *United States v. Townsend*, 453 F. App'x 425 (4th Cir. 2011).

In 2013, Townsend filed a § 2255 motion challenging his sentence and specifically challenging the applicability of the ACCA. In 2015, the United States Supreme Court issued its opinion in *Johnson*, and Townsend amended his § 2255 motion to add a *Johnson* claim. The Government moved to dismiss and produced state court sentencing sheets to show each of Townsend's predicate felonies under the ACCA. After Townsend amended his complaint, a magistrate judge issued a Report and Recommendation ("R&R") recommending dismissal of Townsend's § 2255 petition but failing to specifically address whether Townsend's two North Carolina assault convictions qualified as ACCA predicates. The district court adopted the R&R, declined to issue a certificate of appealability, and dismissed the petition with prejudice. Townsend then appealed, and this court granted a certificate of appealability on the issue of whether Townsend's prior felony convictions for North Carolina AWDWIKISI and AWDWISI qualify as violent felonies under 18 U.S.C. § 924(e)(2)(B)(i).

II.

As a threshold matter, Townsend asserts for the first time in this appeal that he has two convictions for AWDWISI rather than one for AWDWIKISI and one for AWDWISI.

3

Townsend did not dispute the existence of his AWDWIKISI conviction in his underlying criminal case, on direct appeal, or while his § 2255 motion proceeded in the district court. Assuming without deciding that Townsend may challenge the factual basis of his conviction for AWDWIKISI for the first time in this appeal, we hold the record clearly shows that Townsend has one conviction for AWDWIKISI and one conviction for AWDWISI rather than two convictions for AWDWISI.

The sentencing sheet at issue shows the two assault convictions and lists the same statute number ("G.S. No.")—14-32(b)—for both convictions.[1] However, the sentencing sheet also describes one conviction as "Assault with Deadly Weapon W/Int to Kill Inflicting Serious Injury" and the other as "Assault W/Deadly Weapon Inflicting Serious Injury" under "Offense Description," lists felony classes ("C" and "E," respectively) for each offense, and shows a sentence of 110 to 141 months. (J.A. 101.)

Townsend argues the sentencing sheet is ambiguous because it lists the statute criminalizing AWDWISI for both convictions and the alleged ambiguity must be resolved under *Shepard v. U.S.*, 544 U.S. 13, 26 (2005), by finding that Townsend has two AWDWISI convictions. Townsend's reliance on *Shepard* is misplaced. *Shepard* establishes which documents we may review when applying the modified categorical approach, but it does not limit courts in deciding whether a conviction actually exists. *See United States v. Washington*, 629 F.3d 403, 412 (4th Cir. 2011) ("*Shepard*'s strictures do

_____

[1] N.C. Gen. Stat. § 14-32(a) criminalizes AWDWIKISI (a class C felony) while N.C. Gen. Stat. § 14-32(b) proscribes AWDWISI (a class E felony).

4

not fully apply when determining the bare offense to which [the defendant] pled guilty."). Moreover, while this appeal was pending, the government notified the court pursuant to Federal Rule of Appellate Procedure 28(j) that a North Carolina state court amended the sentencing sheet and corrected the statute of conviction for the offense described as AWDWIKISI from 14-32(b) to 14-32(a), the statute that criminalizes AWDWIKISI. We may take judicial notice of facts outside the record where the fact may not be reasonably disputed and is "relevant and critical to the matter on appeal." *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (citing Fed. R. Evid. 201) (also noting that court records are the most common type of judicially noticed records); *see also United States v. McDonald*, 617 F. App'x 255, 258 (4th Cir. 2015) (taking judicial notice of state court judgments where the class of felony for a state conviction was disputed on appeal). There is no basis to dispute the fact of Townsend's AWDWIKISI conviction in light of the amended sentencing sheet.[2] Accordingly, we take judicial notice of the amended sentencing sheet showing that Townsend has one conviction for AWDWIKISI and one conviction for AWDWISI.[3]

---

[2] We note that Townsend does not dispute the validity of the state court's amended sentencing sheet and that North Carolina courts have inherent power to correct clerical errors. *See State v. Jarman*, 535 S.E.2d 875, 879 (N.C. Ct. App. 2000).

[3] Even without taking judicial notice of the amended sentencing sheet, the record reveals no basis to conclude that Townsend has two AWDWISI convictions. The Offense Description listed AWDWIKISI as the felony, the sentencing sheet listed "C" under felony class (the correct class of felony for AWDWIKISI), and the sentence imposed could only be given for a conviction of one count of AWDWIKISI and one count of AWDWISI under North Carolina's sentencing scheme. *See generally United States v. Simmons*, 649 F.3d 237, 240 (4th Cir. 2011) (discussing North Carolina's criminal (Continued)

5

III.

We next address whether AWDWIKISI is a violent felony under the ACCA, a question we review de novo. *United States v. Doctor*, 842 F.3d 306, 308 (4th Cir. 2016). "In determining whether an offense is a [violent felony] under [the ACCA], we utilize the categorical approach, which focuses solely on the elements of the offense, rather than on the facts of the case." *United States v. McNeal*, 818 F.3d 141, 152 (4th Cir. 2016).

A.

As relevant here, the ACCA provides for an enhanced mandatory minimum sentence of 15 years if the convicted person has three previous convictions for violent felonies. *See* 18 U.S.C. § 924(e)(1). A "violent felony" under the ACCA is "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another."[4] 18 U.S.C. § 924(e)(2)(B)(i) (the "force clause"). To determine whether a state offense is a violent felony, we examine the elements of the state offense as determined by the state's highest court and then decide whether those elements require the use, attempted use, or threatened use of physical force. *See United States v. Burns-Johnson*, 864 F.3d 313, 316 (4th Cir. 2017). "Use" of force means to act with a mens rea more culpable than

_____

sentencing scheme). The incorrect statute listed for AWDWIKISI on the original sentencing sheet appears to be merely a scrivener's error.

[4] There is no dispute that Townsend's North Carolina assault convictions must qualify as "violent felonies" under the "force clause."

negligence or recklessness. *See Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004); *United States v. Vinson*, 805 F.3d 120, 125–26 (4th Cir. 2015) (applying *Leocal* to the similarly-worded "use or attempted use of physical force" of 18 U.S.C. § 921(a)(33)(A)). We look to the minimum conduct necessary to obtain a conviction under the statute and assure ourselves that there is a "realistic probability . . . that a state would actually punish that conduct." *Burns-Johnson*, 864 F.3d at 316.

In this case, Townsend's statute of conviction, N.C. Gen. Stat. § 14-32(a), states that "[a]ny person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon." The Supreme Court of North Carolina has interpreted the statute to include the following elements: 1) an assault, 2) with a deadly weapon, 3) an intent to kill, and 4) inflicting a serious injury not resulting in death. *See State v. Grigsby*, 526 S.E.2d 460, 462 (N.C. 2000). Accordingly, to determine if AWDWIKISI has "use" of force as an element, we must decide whether proving intent to kill requires proving a mens rea greater than negligence or recklessness.

B.

Applying this framework, we conclude that AWDWIKISI is categorically a violent felony under the force clause of the ACCA because the intent to kill element of AWDWIKISI requires proof of a specific intent to kill.[5] Two cases in particular illustrate that AWDWIKISI is a specific intent crime in North Carolina. In *Grigsby*, the Supreme

---

[5] Because we hold that Townsend was convicted of AWDWIKISI and that AWDWIKISI is categorically a violent felony under the ACCA, we do not reach the question of whether AWDWISI is categorically a violent felony.

Court of North Carolina reversed the Court of Appeals of North Carolina and held that the evidence established the defendant's intent to kill where the defendant attempted to rob a convenience store, threatened to kill the store attendant, and eventually stabbed the store attendant. *See id.* at 461–62. The defendant tied up the attendant and continued threatening to kill the attendant even after the attendant obeyed the defendant's commands. *Id.* The attendant and the defendant, who carried an assault knife made with finger holes for repeated stabbing, ultimately struggled over the defendant's knife. *Id* at 461–63. During the struggle, the defendant stabbed the attendant, puncturing the attendant's lung, before fleeing the scene. *Id.* at 461–62. The Supreme Court of North Carolina upheld an AWDWIKISI conviction because these facts showed that "defendant's *intent was* not only to rob or to injure, but *to kill*." *Id.* at 463 (emphasis added).

In contrast, the court held in *State v. Irwin*, 285 S.E.2d 345, 349 (N.C. Ct. App. 1982), that the state did not prove the defendant's specific intent to kill as required for an AWDWIKISI conviction. In *Irwin*, the court overturned an AWDWIKISI conviction because there was no specific intent to kill where an inmate held a jail employee at knife-point during an escape attempt. *Id.* at 349–50. The court held that the evidence did not prove a specific intent to kill because the evidence showed only a conditional intent to kill, or as the court stated, "a specific intent *not to kill* anyone if [the jail staff] complied with defendant's commands." *Id.* (emphasis in original). These cases turned on whether the evidence showed that the defendant intended to kill by his violent act, and both required proving a specific intent to kill for an AWDWIKISI conviction.

8

Further, evidence that AWDWIKISI requires a specific intent can be found in the available affirmative defenses. North Carolina courts permit defendants to raise the defenses of diminished capacity and voluntary intoxication to negate the intent to kill element. *See, e.g.*, *State v. Daniel*, 429 S.E.2d 724, 727–28 (N.C. 1993) (organic brain impairment); *State v. Robertson*, 531 S.E.2d 490, 492 (N.C. Ct. App. 2000) (voluntary intoxication "only a viable defense if the degree of intoxication is such that a defendant could not form the specific intent required for the underlying offense"); *State v. Williams*, 447 S.E.2d 817, 821 (N.C. Ct. App. 1994) (diminished capacity). *See also State v. Carver*, 564 S.E.2d 319 (N.C. Ct. App. 2002) (unpublished table opinion) (voluntary intoxication); *cf. State v. Page*, 488 S.E.2d 225, 232 (N.C. 1997) ("diminished-capacity defense is not available to negate the general intent required for a conviction of assault with a deadly weapon on a government officer"). In *Daniel*, the Supreme Court of North Carolina held that the trial court erred in excluding testimony about diminished mental capacity because such testimony would have tended to negate evidence of specific intent to kill, which the court described as "an essential element of [AWDWIKISI]." *Daniel*, 429 S.E.2d at 729. Similarly, the Court of Appeals of North Carolina reversed and remanded for a new trial in *Williams* because "[t]he defense of diminished capacity applies to the element of specific intent to kill" and the trial court there should have instructed the jury to "consider the defendant's mental condition in determining whether he formed the specific intent to kill." *Williams*, 447 S.E.2d at 821 (citing *Daniel*, 429 S.E.2d at 724).

In response to this clear body of caselaw, Townsend argues that AWDWIKISI is not categorically a violent felony under the force clause because the statute criminalizes mere "culpable negligence," a mens rea lower than required for a "use" of force under *Leocal*. To support his position, Townsend relies on our decision in *Vinson* and one line from *State v. Jones*, 538 S.E.2d 917, 923 (N.C. 2000), that "culpable or criminal negligence may be used to satisfy the intent requisite for certain dangerous felonies, such as manslaughter, assault with a deadly weapon with intent to kill and AWDWISI." Townsend argues that *Vinson* held assault may be proven with culpable negligence in North Carolina and that *Jones*, which the Supreme Court of North Carolina decided after the previously discussed specific-intent cases, held that intent to kill only requires proving culpable negligence. Townsend therefore would have us conclude that AWDWIKISI and specifically the intent to kill element of AWDWIKISI requires proving only culpable negligence.[6] We decline to adopt Townsend's interpretation.

As an initial matter, *Vinson* does not aid Townsend. It held only that *assault* requires intent but that intent may be inferred from culpable negligence; therefore, the mens rea for assault did not categorically satisfy the mens rea for "use" under *Leocal*. *See*

---

[6] Several courts have addressed a similar *Jones* argument and held that it did not affect the mens rea required to prove intent to kill. *See, e.g.*, *United States v. Vereen*, 703 F. App'x 171 (4th Cir. 2017) (holding that assault with a deadly weapon with intent to kill ("AWDWIK") was a crime of violence under the U.S. Sentencing Guidelines because it had a specific intent to kill and rejecting a similar *Jones* argument); *Goins v. United States*, No. 7:10-CR-107-FL-1, 2017 WL 455400, at *4–5 (E.D.N.C. Feb. 2, 2017) (AWDWIKISI categorically a violent felony despite dicta in *Jones*). *But cf. United States v. Brown*, 249 F. Supp. 3d 287, 298–99 (D.D.C. 2017) (North Carolina AWDWIK not a violent felony under the force clause because of *Jones*).

10

*Vinson*, 805 F.3d at 126 (citing *Leocal v. Ashcroft*, 543 U.S. 1 (2004)). But *Vinson* does not hold, or even suggest, that AWDWIKISI, which has the additional element of a specific intent to kill, can be satisfied by a showing of culpable negligence.

Townsend's reliance on *Jones* is also misplaced. The *Jones* court did not decide anything regarding the "intent to kill" element of AWDWIKISI. *See Jones*, 538 S.E.2d at 917. Instead, the *Jones* court addressed whether AWDWISI, which lacks any intent to kill element, could be an underlying predicate felony for a first-degree felony-murder conviction. *See id*. at 923. In answering that question, *Jones* did not hold that intent to kill may be satisfied by proving only culpable negligence or recklessness but rather that AWDWISI could not be a felony-murder predicate offense because an AWDWISI conviction required proving only culpable negligence while a first-degree felony-murder conviction required proof of intent. *See id.* at 923–24. Accordingly, the statement relied upon by Townsend is dicta, and we will not rely upon it. *See, e.g.*, *New England Mut. Life Ins. Co. v. Mitchell*, 118 F.2d 414, 420 (4th Cir. 1941) ("To base a decision upon dicta, or upon speculation as to what the local court might decide in the light of dicta, would be to depart from our solemn duty in the premises and embark upon a vain and illusory enterprise.").

Further, *Jones* noted that felony-murder convictions required actual intent and that AWDWIKISI had been found previously to be a predicate felony for felony murder. *See Jones*, 538 S.E.2d at 925 (citing *State v. Terry*, 447 S.E.2d 720 (N.C. 1994)). *Jones* discussed several crimes previously held to be predicate felonies for felony-murder convictions, including AWDWIKISI, and stated "each of these crimes, whether

11

individually typed as specific intent or general intent in nature, have required actual intent on the part of the perpetrator." *Jones*, 538 S.E.2d at 925. The court then stated that while "culpable negligence can satisfy the intent requirement for certain aforementioned crimes, it has not formed the basis of intent for a first-degree murder conviction." *Id*. These statements support the holding in *Jones* that AWDWISI could not be a predicate felony for a first-degree felony-murder conviction but also contradict Townsend's argument here that the intent to kill element of AWDWIKISI may be proven with mere culpable negligence.

Finally, there can be no dispute that, prior to *Jones*, proof of a specific intent to kill was an essential element of an AWDWIKISI conviction. *See, e.g.*, *State v. Grigsby*, 526 S.E.2d 460, 462 (N.C. 2000); *State v. Daniel*, 429 S.E.2d 724, 728–29 (N.C. 1993); *State v. Irwin*, 285 S.E.2d 345, 349 (N.C. Ct. App. 1982). We will not read *Jones* to change the mens rea required to prove a specific intent to kill for AWDWIKISI where the Supreme Court of North Carolina did not see fit to even discuss the purported major change in the law Townsend argues was worked by *Jones*. *See generally United States v. Washington*, 629 F.3d 403, 409 (4th Cir. 2011) ("It would be strange for the Supreme Court to change the law so profoundly yet so quietly, and we should not strain to find that it has done so where there are more plausible interpretations of its handiwork.") Moreover, North Carolina courts addressing AWDWIKISI since *Jones* have not recognized a change or lowered mens rea requirement as a result of *Jones* and have continued to rely on pre-*Jones* cases. *See, e.g.*, *State v. Tirado*, 599 S.E.2d 515, 534 (N.C. 2004) (stating that the difference between attempted first-degree murder and

12

AWDWIKISI is that AWDWIKISI requires proof of a deadly weapon and an injury but no premeditation while not mentioning *Jones*); *State v. Pointer*, 638 S.E.2d 909, 912 (N.C. Ct. App. 2007) (addressing whether "defendant had the specific intent to kill the victims"); *State v. Parker*, 738 S.E.2d 453 (N.C. Ct. App. 2013) (unpublished table opinion) (quoting *Irwin*, 285 S.E.2d at 349, and applying a specific intent requirement without mentioning *Jones*); *State v. Parham*, 689 S.E.2d 244 (N.C. Ct. App. 2009) (unpublished table opinion) (quoting *Williams*, 447 S.E.2d at 821, and applying a specific intent requirement without mentioning *Jones*). Further, the North Carolina pattern jury instructions for AWDWIKISI pre-*Jones* required a specific intent to kill, and those instructions still do today after *Jones*. *Compare* N.C.P.I. Crim. 208.10 (1989 Ed.) *with* N.C.P.I. Crim. 208.10 (2017 Ed.). Accordingly, *Jones* is not sufficient to establish that intent to kill may be satisfied with proof of anything other than a specific intent to kill and does not alter our conclusion that AWDWIKISI is categorically a violent felony under the force clause of the ACCA.[7]

IV.

For the reasons stated, North Carolina AWDWIKISI is categorically a violent felony under the ACCA. The decision of the district court is therefore,

*AFFIRMED*.

---

[7] While the statement from *Jones* relied upon by Townsend is dicta, we would not read it to support Townsend's position in any event. *See Jones*, 538 S.E.2d at 923. Under our reading of the law pre- and post-*Jones*, the statement is best understood as a comment on the mens rea required to prove assault and not the mens rea required to prove intent to kill.

13