**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 17-6166**

—————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LEWIS CARNELL JACKSON,

Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:07-cr-00110-FL-1; 5:16-cv-00353-FL)

—————————

Submitted:  September 11, 2018                     Decided:  September 13, 2018

—————————

Before DUNCAN and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

G. Alan Dubois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Seth M. Wood, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lewis Carnell Jackson appeals from the district court's order denying relief on his 28 U.S.C. § 2255 (2012) motion challenging his sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e) (2012). The district court determined that Jackson had three ACCA predicate convictions and therefore was properly sentenced as an armed career criminal but granted a certificate of appealability on the issue of whether Jackson's prior North Carolina state conviction for assault with a deadly weapon with intent to kill (AWDWIK) qualifies as an ACCA predicate violent felony. Jackson argues on appeal that AWDWIK does not qualify as an ACCA predicate violent felony because it may be accomplished with mere culpable negligence and thus does not have as an element the intentional application of force. We affirm.

To prevail on a § 2255 motion to vacate, the movant must show that his sentence is unlawful on one of the grounds specified in § 2255(b). *United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010). Specifically, the movant must demonstrate that "the judgment was rendered without jurisdiction," "the sentence imposed was not authorized by law or otherwise open to collateral attack," or "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). A sentence is unlawful within the meaning of § 2255 when it was enhanced under the ACCA based on three ACCA predicate convictions and one or more of those predicates is invalid. *See United States v. Newbold*, 791 F.3d 455, 457, 461, 464 (4th Cir. 2015).

Under the ACCA, a defendant convicted of violating 18 U.S.C. § 922(g)(1) (2012) is subject to a statutory minimum sentence of 15 years' imprisonment if he has sustained 3 prior convictions for either violent felonies or serious drug offenses committed on occasions different from one another. 18 U.S.C. § 924(e). A violent felony is an offense that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* § 924(e)(2)(B). The first clause is known as the "force clause," and the second clause consists of several enumerated crimes as well as a "residual clause." *United States v. Gardner*, 823 F.3d 793, 801-02 (4th Cir. 2016) (internal quotation marks omitted).

In *Johnson v. United States*, 135 S. Ct. 2551, 2556-63 (2015), the Supreme Court determined that the residual clause of the ACCA's definition of a violent felony is unconstitutionally vague. Therefore, for a prior conviction to qualify as a violent felony under the ACCA following *Johnson*, it must qualify either under the enumerated offenses clause or under the force clause. We review de novo whether a prior conviction qualifies as a violent felony under the ACCA. *United States v. Hemingway*, 734 F.3d 323, 331 (4th Cir. 2013); *see United States v. Carthorne*, 878 F.3d 458, 464 (4th Cir. 2017) (noting that a district court's legal conclusions in denying a § 2255 motion are reviewed de novo).

The elements of AWDWIK are: "(1) an assault; (2) with a deadly weapon; (3) with the intent to kill." *State v. Garris*, 663 S.E.2d 340, 349 (N.C. Ct. App. 2008)

3

(internal quotation marks and alteration omitted); *see* N.C. Gen. Stat. § 14-32(c) (2017). North Carolina courts consistently have observed that AWDWIK "has, as an element, specific intent to kill." *State v. Coble*, 527 S.E.2d 45, 49 (N.C. 2000).

We recently held that assault with a deadly weapon with intent to kill inflicting serious injury (AWDWIKISI) under North Carolina law is categorically a violent felony under the force clause of the ACCA. *United States v. Townsend*, 886 F.3d 441, 448 (4th Cir. 2018). We noted that "[u]se of force" under the force clause of the ACCA "means to act with a mens rea more culpable than negligence or recklessness." *Id*. at 444-45 (internal quotation marks omitted). Under North Carolina law, the elements of AWDWIKISI are: "(1) an assault, (2) with the use of a deadly weapon, (3) with an intent to kill, and (4) inflicting serious injury, not resulting in death." *State v. Tirado*, 599 S.E.2d 515, 534 (N.C. 2004). In determining that proving the intent to kill under the statute requires proving a mens rea greater than negligence or recklessness, we noted that "the intent to kill element of AWDWIKISI requires proof of a specific intent to kill." *Townsend*, 886 F.3d at 445; *see also State v. Tate*, 239 S.E.2d 821, 826 (N.C. 1978) (AWDWIKISI requires proof of a specific intent). This court thus expressly rejected Townsend's argument that AWDWIKISI requires merely culpable negligence. *Townsend*, 886 F.3d at 446-48.

Given this court's rejection of the argument Jackson uses to assert that his AWDWIK conviction is no longer a violent felony, the decision in *Townsend* controls and AWDWIK remains a violent felony after *Johnson*. We therefore affirm the district court's judgment denying § 2255 relief to Jackson. We dispense with oral argument

4

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED