**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4089**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANDREA MARQUIS SIMELTON,

        Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:16-cr-00025-RLV-DCK-1)

Submitted: August 29, 2018                 Decided: October 15, 2018

Before GREGORY, Chief Judge, NIEMEYER and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Joshua B. Carpenter, Appellate Chief, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Asheville, North Carolina, for Appellant. Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Andrea Marquis Simelton pled guilty, without the benefit of a plea agreement, to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012), and possessing body armor after being convicted of a crime of violence, in violation of 18 U.S.C. § 931(a)(1) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal, but questioning whether the district court erred in establishing a base offense level of 20 pursuant to U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2016), after concluding that a North Carolina conviction for assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI") is a crime of violence. Simelton has filed a pro se brief in which he asserts that: (1) the district court erred in increasing his sentence for possessing a firearm in connection with another felony offense, USSG § 2K2.1(b)(6)(B); (2) the court improperly calculated his criminal history; and (3) plea counsel was ineffective for failing to object to those issues. We affirm.

As to Simelton's claimed sentencing errors, "we review the [district] court's factual findings for clear error, its legal conclusions de novo, and unpreserved arguments for plain error." *United States v. Strieper*, 666 F.3d 288, 292 (4th Cir. 2012) (citations omitted). The district court's conclusion that AWDWIKISI is a crime of violence accords with our recent determination that a "prior conviction for North Carolina [AWDWIKISI] is categorically a violent felony under the force clause of the [Armed Career Criminal Act ("ACCA")]." *United States v. Townsend*, 886 F.3d 441, 442 (4th Cir. 2018). Although *Townsend* addressed the ACCA rather than the Sentencing

2

Guidelines, "the force clause of the [ACCA] . . . is identical to and applied the same as the force clause in § 4B1.2(a)(1)." *United States v. Gattis*, 877 F.3d 150, 155 (4th Cir. 2017) (emphasis omitted), *cert. denied*, 138 S. Ct. 1572 (2018). Thus, the district court did not err in applying USSG § 2K2.1(a)(4)(A). Nor did the district court clearly err in determining that Simelton possessed cocaine and possessed a firearm in connection with the felony offense of possession of cocaine.[*] The district court therefore did not err in applying USSG § 2K2.1(b)(6)(B).

Next, Simelton asserts that the district court erroneously scored his North Carolina conviction for possession of marijuana. Plea counsel initially objected to the criminal history point, but withdrew that objection at sentencing. By identifying this issue and then withdrawing the objection, Simelton waived consideration of whether the district court improperly scored this prior offense. *See United States v. Robinson*, 744 F.3d 293, 298 (4th Cir. 2014).

Finally, Simelton's claims of ineffective assistance of counsel are cognizable on direct appeal only if ineffectiveness of counsel conclusively appears on the record. *United States v. Galloway*, 749 F.3d 238, 241 (4th Cir. 2014); *see Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984) (setting forth ineffective counsel standard). The record before us does not conclusively establish ineffective assistance of counsel,

---

[*] Because Simelton was previously convicted in North Carolina state court for possession of marijuana, the crime of simple possession of cocaine is a felony offense under federal law. *See* 21 U.S.C. § 844(a) (2012) (possession of controlled substance carries maximum two-year sentence for anyone who has "a prior conviction for any drug, narcotic, or chemical offense chargeable under the law of any State").

and Simelton's claims therefore should be raised, if at all, in a 28 U.S.C. § 2255 (2012) motion. *See United States v. Faulls*, 821 F.3d 502, 508 (4th Cir. 2016).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Simelton, in writing, of the right to petition the Supreme Court of the United States for further review. If Simelton requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Simelton.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*