**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-6022**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JERRY SCOTT HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:10-cr-00080-FL-1; 5:16-cv-00600-FL)

Submitted:  June 3, 2019                                                   Decided:  June 6, 2019

Before GREGORY, Chief Judge, and WILKINSON and KING, Circuit Judges.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & CUSHMAN, PLLC, New Bern, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Phillip A. Rubin, Assistant United States Attorneys, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jerry Scott Hill appeals from the denial of relief on his authorized successive 28 U.S.C. § 2255 (2012) motion in which he challenged his sentence under the Armed Career Criminal Act. Hill was convicted by a jury of possessing a firearm as a convicted felon, 18 U.S.C. § 922(g) (2012), and was sentenced as an armed career criminal to 262 months' imprisonment.

Hill now claims that his prior North Carolina convictions for assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI") and breaking and entering no longer qualify as violent felonies in the wake of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court granted a certificate of appealability as to Hill's challenge to the use of his AWDIKISI conviction as a predicate offense for his ACCA enhancement. In *United States v. Townsend*, 886 F.3d 441, 442 (4th Cir. 2018), this court determined that a "prior conviction for North Carolina [AWDWIKISI] is categorically a violent felony under the force clause of the ACCA." Thus, under *Townsend*, Hill's AWDWIKISI conviction was properly counted as an ACCA predicate offense. Because we find that Hill's appeal as to this issue is not "manifestly unsubstantial," *see* 4th Cir. R. 27(f)(1), we deny the Government's motion for summary affirmance. Nevertheless, we affirm the district court's ruling as to this issue.

Turning to Hill's claim that the district court improperly counted his two convictions for breaking and entering as violent felonies for purposes of the ACCA, Hill may not appeal the district court's order dismissing this claim unless a circuit justice or

2

judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). In cases where the district court denies relief on the merits, as here, the movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the Supreme Court's decision in *United States v. Stitt*, 139 S. Ct. 399 (2018) does not affect our prior holding in *United States v. Mungro*, 754 F.3d 267, 272 (4th Cir. 2014) (holding that North Carolina's offense of breaking or entering qualifies as generic burglary under the ACCA), we find that Hill cannot make such a showing. Accordingly, we deny Hill's motion to expand the certificate of appealability and dismiss his appeal as to this claim. In light of this disposition, we deny the Government's motion to dismiss as moot. *Stitt*, 139 S. Ct. at 407. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART; DISMISSED IN PART*