**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-4540**

———————————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

JAMES ARTHUR JUDD,

        Defendant - Appellant.

———————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, Chief District Judge.  (5:18-cr-00119-BO-1)

———————————

Submitted:  March 12, 2020                    Decided:  March 27, 2020

———————————

Before WILKINSON, WYNN, and RICHARDSON, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Matthew Nis Leerberg, Troy D. Shelton, FOX ROTHSCHILD LLP, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Jennifer P. May-Parker, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James Arthur Judd appeals from a 180-month sentence imposed following his guilty plea to one count of possession of a firearm by a convicted felon. Judd's sentence was driven by his status as an armed career criminal under the Armed Career Criminal Act, 18 U.S.C. 924(e) (2018) (ACCA). On appeal, Judd asserts that the district court did not make sufficient findings to satisfy the statute's requirement that Judd have three qualifying predicate convictions. We affirm.

Before a court may impose the fifteen-year mandatory minimum sentence under the ACCA, the Government must establish, by a preponderance of the evidence, that a defendant has three prior convictions for violent felonies or serious drug offenses which "were committed on different occasions from one another." *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014); *see* 18 U.S.C. § 924(e)(2)(B). In Judd's case, the presentence report (PSR) suggested four possible predicate offenses: breaking and entering on June 12, 2002, described in paragraph 18 of the PSR; breaking and entering on June 24, 2002 (paragraph 19); breaking and entering on June 26, 2002 (also paragraph 19); and an October 11, 2005 assault with a deadly weapon with intent to kill, inflicting serious injury (paragraph 22). Though the PSR did not designate it as a predicate offense, the PSR also described a fifth potential predicate: a September 29, 2005 common law robbery (paragraph 23).[1] Relying on the two predicate convictions in paragraph 19, the predicate

---

[1] The probation officer did not designate the offense in paragraph 23 as a predicate because at the time the PSR was finalized in April 2019, there were questions as to whether North Carolina common law robbery constituted an ACCA predicate offense. A few

2

in paragraph 22, and—as a "fail safe"—the predicate in paragraph 23, the district court sentenced Judd under the ACCA's mandatory minimum. J.A. 53.[2]

Judd first challenges the use of his conviction described in paragraph 22 of the PSR because, he contends, "[t]he record is . . . devoid of any evidence that the district court counted th[at] . . . offense as an ACCA predicate." Opening Br. at 14. Judd admits that he failed to object to the inclusion of the conviction as an ACCA predicate; however, he asserts that the district court never explicitly stated that it was relying on the conviction and that its silence is insufficient to show that it adopted the PSR's designation of the conviction as a predicate. We disagree.

At sentencing, the Government stated that it was relying on the two breaking and entering convictions in paragraph 19 and the assault conviction in paragraph 22 to satisfy the ACCA.[3] Judd did not object to reliance on the assault conviction described in paragraph 22; in fact, he admitted that the paragraph 22 conviction was a proper predicate.[4]

---

months later, this Court clarified that it did. *United States v. Dinkins*, 928 F.3d 349, 352 (4th Cir. 2019). But the mandate in *Dinkins* did not issue until after Judd's sentencing, and *Dinkins* was not raised at sentencing.

[2] Citations to "J.A. __" refer to the Joint Appendix filed by the parties in this appeal.

[3] "[T]he Government must identify all convictions it wishes to use to support a defendant's ACCA sentence enhancement at the time of sentencing." *United States v. Hodge*, 902 F.3d 420, 430 (4th Cir. 2018). We decline to address Judd's argument that *Hodge* forecloses reliance on the potential predicate convictions presented at paragraphs 18 and 23 of the PSR because it is unnecessary to do so to resolve this appeal.

[4] Judd's concession was mandated by our precedent. "North Carolina [assault with a deadly weapon with intent to kill inflicting serious injury] is categorically a violent felony under the ACCA." *United States v. Townsend*, 886 F.3d 441, 448 (4th Cir. 2018).

Thus, the district court was not required to resolve any issues as to that conviction. Instead, the court overruled the objections to paragraph 19 and found that Judd had enough predicate convictions for the ACCA to apply.

While the court's statements could have been clearer, given the context, we find that the court adequately specified the convictions relied upon to support the ACCA ruling. In expressly overruling Judd's objections to the PSR, the court implicitly adopted both the controverted and uncontroverted convictions relied upon by the Government and described in the PSR. *See United States v. Williams*, 152 F.3d 294, 301 (4th Cir. 1998) (recognizing appropriateness of implicit adoption of PSR); *United States v. Walker*, 29 F.3d 908, 912-13 (4th Cir. 1994) (finding that overruling objections and then sentencing the defendant consistently with the PSR's recommendations satisfied Fed. R. Crim. P. 32 and sufficiently showed adoption of the PSR). Moreover, the district court's designation of the paragraph 23 offense as a "fail safe" necessarily implies that the district court had found at least three other predicates—in this case, the two in paragraph 19 and the one in paragraph 22—and therefore was citing paragraph 23 only as a precaution. J.A. 53.[5]

---

[5] The Government argues that the district court described paragraph 23 as a failsafe in the event that *neither* conviction in paragraph 19 could serve as a predicate, and therefore that the court necessarily adopted both paragraphs 18 and 22 as predicates. However, Judd objected to counting the two potential predicates in paragraph 19 as separate convictions. Moreover, neither the Government nor the court discussed paragraph 18 at sentencing. Thus, perhaps the more plausible inference is that the court was stating that, if the convictions in paragraph 19 should only count as *one* conviction, and counting paragraph 22, paragraph 23 would provide the necessary third predicate conviction. In any event, for present purposes, the point is that the district court was clearly relying on paragraph 22.

4

Next, Judd asserts that the court improperly found the two breaking and entering convictions in paragraph 19 to be predicate convictions because, although the Government purported to proffer certified copies of the convictions, the court never admitted the exhibits or even indicated that it considered them. Thus, Judd asserts that the Government failed to meet its burden of proof.

However, at sentencing, Judd did not object to the existence or validity of these convictions, nor did he make any showing that the description of the convictions was incorrect.[6] In fact, Judd explicitly declined to attack the validity of the convictions in paragraph 19. *See* J.A. 48 (defense counsel noting that Judd was "not attempting to collaterally attack those [convictions] here today"). The sentencing transcript reveals that the Government handed exhibits to the clerk, consisting of the state judgments, which have been provided to this Court in the parties' Joint Appendix.

"When a defendant fails to object to the PSR's factual findings, the district court may rely on them without engaging in further inquiry." *United States v. Dennings*, 922 F.3d 232, 237 n.3 (4th Cir. 2019), *as amended* (Apr. 25, 2019). While a sentencing court "*may* permit the parties to introduce evidence" regarding objections to the PSR, Fed. R. Crim. P. 32(i)(2) (emphasis added), the court is not compelled to do so, and

---

[6] Rather, Judd argued to the district court that the breaking and entering convictions were not "generic burglar[ies]." J.A. 49. However, Judd acknowledged that this argument was foreclosed by precedent. *See United States v. Mungro*, 754 F.3d 268, 270 (4th Cir. 2014) (holding that North Carolina breaking and entering is "within the generic definition of burglary"). He further argued that the burglaries were "all one action" (despite taking place on different days) which occurred when Judd was a minor (despite the undisputed fact that he was tried as an adult). J.A. 48. He does not renew those arguments on appeal.

5

"the Rules of Evidence do not apply to sentencing," *United States v. Slager*, 912 F.3d 224, 235 n.4 (4th Cir.), *cert. denied,* 139 S. Ct. 2679 (2019). Moreover, we may take judicial notice of court records. *See United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018). Given Judd's failure to object to the PSR's description of his prior convictions, the Government's undisputed proffer of certified convictions, and Judd's failure to produce any evidence to suggest that the information in the PSR was inaccurate or that the certified documents were erroneous, the Government met its burden of proof to show that Judd had three proper ACCA predicate offenses.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*