**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

**No. 23-4490**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MACEO RASEAN ROYSTER,

Defendant - Appellant.

―――――――――――

**No. 23-4491**

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MACEO RASEAN ROYSTER,

Defendant - Appellant.

―――――――――――

Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:16-cr-00303-RJC-DCK-3; 3:22-cr-00223-RJC-DCK-1)

―――――――――――

Submitted: August 30, 2024                    Decided: September 17, 2024

Before GREGORY and HEYTENS, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:** John G. Baker, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charlotte, North Carolina, for Appellant.  Dena J. King, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, Maceo Rasean Royster appeals the 100-month sentence imposed following his guilty plea to possession of a firearm by a felon and the consecutive 12-month sentence imposed upon the revocation of his supervised release. On appeal, Royster challenges only the district court's imposition of a sentencing enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(6)(B) (2021). We affirm.

In reviewing a district court's application of the Guidelines, "we review questions of law de novo and findings of fact for clear error." *United States v. Allen*, 909 F.3d 671, 677 (4th Cir. 2018). We "will not find clear error unless on the entire evidence, we are left with the definite and firm conviction that a mistake has been committed." *United States v. Shivers*, 56 F.4th 320, 324 (4th Cir. 2022) (internal quotation marks omitted). "In other words, if the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it." *United States v. Barnett*, 48 F.4th 216, 220 (4th Cir. 2022) (cleaned up), *cert. denied*, 143 S. Ct. 823 (2023).

Before a sentencing court can impose a Guidelines enhancement, the Government "must prove by a preponderance of the evidence that the enhancement applies." *United States v. Kobito*, 994 F.3d 696, 701 (4th Cir. 2021). "This burden simply requires the trier of fact to believe that the existence of a fact is more probable than its nonexistence." *United States v. Patterson*, 957 F.3d 426, 435 (4th Cir. 2020) (cleaned up).

A defendant is subject to a four-level Guidelines enhancement if he "used or possessed any firearm . . . in connection with another felony offense." USSG § 2K2.1(b)(6)(B). A firearm is used in connection with another felony offense if it

3

"facilitated, or had the potential of facilitating, another felony offense." USSG § 2K2.1 cmt. n.14(A). "This requirement is satisfied if the firearm had some purpose or effect with respect to the other offense, including if the firearm was present for protection or to embolden the actor." *United States v. McKenzie-Gude*, 671 F.3d 452, 464 (4th Cir. 2011) (internal quotation marks omitted). When "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia," the firearm necessarily "has the potential of facilitating another felony offense." USSG § 2K2.1 cmt. n. 14(B).

Here, the district court imposed a USSG § 2K2.1(b)(6)(B) enhancement after finding that Royster possessed illegal firearms in connection with the North Carolina offense of possession with intent to sell or deliver marijuana, based on the seizure of 129.9 grams of suspected marijuana (the "disputed substance") from Royster's bedroom. Royster argues that the record fails to establish that the disputed substance contained a concentration of delta-9 tetrahydrocannabinol (THC) sufficient to classify the substance as illegal marijuana, rather than legal hemp.[*] *See* N.C. Gen. Stat. § 90-87(16) (defining "marijuana" to exclude "hemp" for purposes of controlled substances act); *id.* § 90-87(13a) (defining hemp as cannabis with maximum delta-9 THC concentration of 0.3% by dry weight).

---

[*] In pressing this argument, Royster introduces numerous facts for the first time on appeal regarding the characteristics of hemp and the difficulty with which it is distinguished from marijuana. The parties dispute whether we may properly take judicial notice of these new facts. *See United States v. Townsend*, 886 F.3d 441, 444 (4th Cir. 2018) (discussing judicial notice in appellate context). We need not resolve this issue, however, as even considering this new information, we discern no reversible error in the district court's finding on the facts presented.

We are unpersuaded. Officers discovered a substantial quantity of the disputed substance in a laundry bin in Royster's bedroom, in close proximity to both typical drug-distribution paraphernalia and multiple illegal firearms that Royster kept for his protection. Undisputed statements in the presentence report established Royster's participation in both using and selling marijuana, and the district court was "free to adopt" these undisputed facts "without more specific inquiry or explanation." *United States v. Fowler*, 58 F.4th 142, 151 (4th Cir. 2023) (internal quotation marks omitted); *see* Fed. R. Crim. P. 32(i)(3)(A). Addressing each piece of circumstantial evidence individually, Royster argues that none of the facts on which the district court relied was inconsistent with the possibility that he also used legal hemp. However, the district court permissibly viewed the facts collectively to find that the disputed substance was more likely marijuana than hemp. *See Patterson*, 957 F.3d at 435. Because the district court's factual finding was "plausible in light of the record viewed in its entirety," we are obliged to defer to that finding. *Barnett*, 48 F.4th at 220 (internal quotation marks omitted).

Accordingly, we affirm the district court's judgments. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*