**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 23-4505**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MALCOLM MOORE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:22-cr-00198-M-RJ-1)

Submitted:  January 20, 2026                           Decided:  March 2, 2026

Before HEYTENS and BERNER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  Rudolph A. Ashton, III, DUNN PITTMAN SKINNER & ASHTON, PLLC, New Bern, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Malcolm Moore pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  Because Moore had previously been convicted of assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"), in violation of N.C. Gen. Stat. § 14-32(a) (LexisNexis 2025), the district court concluded he had committed the instant offense after sustaining one felony conviction for a crime of violence. Thus, the district court enhanced Moore's base offense level under U.S. Sentencing Guidelines Manual § 2K2.1(a)(4)(A) (2021).  The district court also applied a four-level enhancement under USSG § 2K2.1(b)(6)(B) after concluding Moore possessed the firearm in connection with another felony offense.  Finally, the district court granted the Government's motion for an upward departure pursuant to USSG § 4A1.3, p.s., raising Moore's criminal history category from II to III.  The district court established an advisory Sentencing Guidelines range of 46 to 57 months' imprisonment and sentenced Moore to 57 months' imprisonment.  On appeal, Moore challenges each of those district court decisions. We affirm his sentence.

We review de novo whether a conviction qualifies as a crime of violence under the Guidelines.  *United States v. Rice*, 36 F.4th 578, 581 n.3 (4th Cir. 2022); *see* USSG § 4B1.2(a)(1) (defining crime of violence).  To determine whether an offense constitutes a crime of violence, we use the categorical approach.  *United States v. Ortiz-Orellana*, 90 F.4th 689, 701 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 1890 (2025).  The categorical approach "ask[s] whether the most innocent conduct that the law criminalizes requires proof of the use, attempted use, or threatened use of force sufficient to satisfy the [force]

clause." *United States v. Roof*, 10 F.4th 314, 398 (4th Cir. 2021) (citation modified). "One of the elements that a predicate crime must match is the mens rea element of a crime of violence," which "require[s] proof of a mens rea more culpable than recklessness and negligence." *Rice*, 36 F.4th at 580.

The relevant statute provides that "[a]ny person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon." N.C. Gen. Stat. § 14-32(a). And we have recognized that "[t]he Supreme Court of North Carolina has interpreted the statute to include the following elements: 1) an assault, 2) with a deadly weapon, 3) an intent to kill, and 4) inflicting a serious injury not resulting in death." *United States v. Townsend*, 886 F.3d 441, 445 (4th Cir. 2018) (citing *State v. Grigsby*, 526 S.E.2d 460, 462 (N.C. 2000)).[*] Thus, we held that North Carolina AWDWIKISI qualified as a violent felony under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). 886 F.3d at 445 ("We conclude that AWDWIKISI is categorically a violent felony under the force clause of the ACCA because the intent to kill element of AWDWIKISI requires proof of a specific intent to kill." (citation modified)); *see United States v. King*, 673 F.3d 274, 279 n.3 (4th Cir. 2012) ("We rely on precedents evaluating whether an offense constitutes a 'crime of violence' under the Guidelines interchangeably

---

[*] Moore urges us to revisit *Townsend* considering the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021). But *Borden* does not call into question our decision in *Townsend*. Cf. *Taylor v. Grubbs*, 930 F.3d 611, 619 (4th Cir. 2019) (intervening Supreme Court authority must "directly contradict[] our prior holding," and circuit law is not overturned when "Supreme Court opinion[s] and our precedent can be read harmoniously.").

with precedents evaluating whether an offense constitutes a 'violent felony' under the ACCA . . . ."). Therefore, the district court correctly ruled that Moore committed the instant offense after sustaining one felony conviction of a crime of violence.

As to the district court's other rulings, rather than evaluating whether the district court here erred by applying the enhancement and upward departure, we "proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (citation modified). We "may assume that a sentencing error occurred and proceed to examine whether the error affected the sentence imposed." *United States v. McDonald*, 850 F.3d 640, 643 (4th Cir. 2017). Under this inquiry,

> a Guidelines error is harmless and does not warrant vacating the defendant's sentence if the record shows that (1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be [substantively] reasonable even if the Guidelines issue had been decided in the defendant's favor.

*United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified). Any error will be deemed harmless if we are confident that these requirements are satisfied. *United States v. Gomez*, 690 F.3d 194, 203 (4th Cir. 2012).

Applying the assumed error harmlessness inquiry here, we conclude that the first prong of the inquiry is satisfied. The district court explicitly stated that, even if it had erroneously applied the enhancement or granted the upward departure, it nonetheless believed an upward variance sentence of 57 months' imprisonment was appropriate. *See Gomez-Jimenez*, 750 F.3d at 383 (holding first inquiry met where "district court . . . expressly stated in a separate and particular explanation that it would have reached the same result").

4

Turning to the second prong, "we review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *United States v. Smith*, 134 F.4th 248, 256 (4th Cir. 2025) (citation modified). When considering the substantive reasonableness of a sentence, "we examine the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in [18 U.S.C.] § 3553(a)." *United States v. Davis*, 130 F.4th 114, 127 (4th Cir. 2025) (citation modified). Had the district court applied neither the enhancement nor the departure, the Guidelines range would have been 27 to 33 months' imprisonment. In determining whether Moore's 57-month sentence is substantively reasonable, we "consider[] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Dominguez*, 128 F.4th 226, 237 (4th Cir. 2025) (citation modified). "And when reviewing an upward variance, [we] . . . must ultimately give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.* at 237-38 (citation modified).

At the sentencing hearing, the district court indicated that the sentence was warranted considering Moore's background, as well as the facts and circumstances of the case. Our review of the record confirms that the district court substantially discussed the circumstances relating to Moore's offense when considering whether to apply USSG § 2K2.1(b)(6)(B) and USSG § 4A1.3, p.s. Before imposing the sentence, the district court acknowledged Moore's difficult childhood, character letters, and positive employment

5

potential.    However, the court also noted Moore's extensive criminal history, which included multiple convictions for violent crimes involving firearms, and Moore's consistent pattern of discharging firearms at others.  Based on the factors identified by the district court, we are satisfied that Moore's 57-month sentence is substantively reasonable and, consequently, that if there was any miscalculation of the Guidelines range, any error is harmless.

Accordingly, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*